UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO: 6:20-CV-1240-Orl-WWB-EJK

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM FIRE
AND CASUALTY COMPANY,

    Plaintiffs,
v.

COMPLETE CARE CENTERS, LLC, F/K/A
INTEGRATIVE PHYSICAL MEDICINE
HOLDING, LLC, MARC G. OTT and BRET G.
SCHEUPLEIN,

    Defendants.
_____/

**DEFENDANTS' SHORT FORM MOTION TO COMPEL PLAINTIFFS TO PRODUCE A PRODUCTION LOG IDENTIFYING BY BATES NUMBER WHICH DOCUMENTS ARE RESPONSIVE TO WHICH REQUESTS FOR PRODUCTION**

Defendants move to compel Plaintiffs to provide a production log identifying the request(s) to which each document produced is responsive, and state:

Plaintiffs produced over *160,000* documents *en masse*, hiding responsive information in a sea of nonresponsive documents with virtually no metadata to permit a search for what is responsive. The vast majority of production is nonresponsive,[1] and for which Plaintiffs fail to identify bates ranges that correspond with Defendants' request(s).[2] The classic "document dump" violates Rule 34, prejudices Defendants and impedes discovery. *See* **Exhibit "A**."

---

[1]     In conference, Plaintiffs admitted to producing numerous nonresponsive claims files lacking the requested examination reports, stating "If they existed, that's where they'd be."
[2]     In recent supplemental production (April 1, 2021 and April 5, 2021, **Exhibits "B-C"**), Plaintiffs identified certain bates ranges and corresponding requests. However, Plaintiffs did not do so in prior production.

Rule 34 was designed to "prevent 'attempt[s] to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents[.]'" *Michael K. Sheils Trust v. Kuhn*, 2009 WL 10670734, at *2 (M.D. Fla. July 10, 2009). Indeed, the Advisory Committee to Rule 34 recognized "[i]t is apparently not rare for parties deliberately to mix critical documents with others in the hope of obscuring significance." Rule 34 "forbids 'dump truck' discovery tactics, where a party delivers voluminous and poorly organized documents to his adversary, who is forced to rummage through piles of paper in search of what is relevant." *Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5781274, at *8 (M.D. Fla. Oct. 25, 2013); *Local Access, LLC v. Peerless Network, Inc.*, 2018 WL 2938393, at *6 (M.D. Fla. June 12, 2018).

Plaintiffs maintain their "document dump" is permitted because documents were purportedly produced as kept in the usual course of business.[3] Plaintiffs' reading of Rule 34 would mean an entire database could be produced when a single responsive document *may* exist within it, all without ensuring any part of the database is responsive and without providing the requesting party a means to identify a single responsive document it may contain. Rule 34 imposes "a duty to produce documents in a manner in which they can reasonably be used by the requesting party."[4] *Valcin v. Tire Centers, LLC*, 2009 WL 10667762, at *2 (S.D. Fla. Oct. 5, 2009). "Requiring Defendant[s] here to search through a large volume of documents and to engage in a guessing game imposes on Defendant[s] an undue burden." *Id.*; *Cairns*, 2013 WL 5781274, at *18;

---

[3]   "It is the burden of the responding party to demonstrate that the documents were in fact produced as they were kept in the usual course of business." *Kuhn*, 2009 WL 10670734, at *2. "A mere assertion that documents were produced in such a manner is not sufficient to carry that burden." *Id.*

[4]   Tellingly, Plaintiffs could not identify, by bates number, a *single* insurer medical examination report responsive to Defendants' Request No. 1.

*Nationwide Mutual Fire Ins. Co. v. Kelt, Inc.*, 2015 WL 1470971, at *12 (M.D. Fla. Mar. 31, 2015).

WHEREFORE, Defendants request the Court compel Plaintiffs to provide a production log organized to correspond with Defendants' requests and a means to reasonably use the production, and award Defendants fees for having to bring this Motion.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.1(g), counsel for Defendants certify that on April 2, 2021, they conferred with counsel for Plaintiffs via telephone regarding the relief sought in this Motion in a good faith effort to resolve the issues raised in the Motion. Despite these efforts, the Parties could not reach an agreement regarding the relief sought herein.

Respectfully submitted,

*/s/ Jason N. Goldman*
JASON N. GOLDMAN
Florida Bar No.: 72527
Emails: jgoldman@davisgoldman.com;
eservice@davisgoldman.com
DAVIS GOLDMAN, PLLC
1441 Brickell Avenue, Suite 1400
Miami, FL 33131
Telephone: (305) 800-6673
Facsimile:  (305) 675-7880
*Counsel for Defendants*

BRUCE S. ROSENBERG
Florida Bar No.: 994782
ALEXIS ROSENBERG
Florida Bar No.: 335400
Emails: rosenberg@rosenberglawpa.com;
arosenberg@rosenberglawpa.com;
service@rosenberglawpa.com
ROSENBERG LAW, P.A.
6950 Cypress Road, Suite 107
Plantation, FL 33317
Tel: (954)790-6100
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, on April 8, 2021, a true and correct copy of the foregoing was served by Electronic Service via the CM/ECF system on all counsel of record on the Service List below.

                                      By: */s/Jason N. Goldman*
                                            JASON N. GOLDMAN

**SERVICE LIST**

David I. Spector, Esq.
James J. Duffy, Esq.
HOLLAND & KNIGHT LLP
777 South Flagler Drive, Suite 1900
West Palm Beach, Florida 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399
Emails: david.spector@hklaw.com and
james.duffy@hklaw.com
*Attorneys for Plaintiffs*