# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and STATE
FARM FIRE AND CASUALTY
COMPANY,

        Plaintiffs,

vs.                                                  Case No: 6:20-cv-1240-Orl-WWB-EJK

COMPLETE CARE CENTERS, LLC,
F/K/A INTEGRATIVE PHYSICAL
MEDICINE HOLDING, LLC,
MARC G. OTT, and BRET G.
SCHEUPLEIN,

        Defendants.
_____/

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO**
**DEFENDANT COMPLETE CARE CENTERS, LLC,**
<u>**F/K/A INTEGRATIVE PHYSICAL MEDICINE HOLDING, LLC**</u>

Plaintiffs State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire") (collectively, the "State Farm Plaintiffs"), by and through their undersigned counsel, serve this First Request for Production of Documents in accordance with Federal Rule of Civil Procedure 34 and request Defendant Complete Care Centers, LLC f/k/a Integrative Physical Medicine Holding, LLC respond to the following requests for production and produce the documents and things described herein for inspection and copying at the office of Holland & Knight LLP, 777 South Flagler Drive, Suite 1900, West Palm Beach, FL 33401, within 30 days, or at such time and place as may mutually be agreed upon by counsel for parties.

# DEFINITIONS

1. "You," "Your," or "Complete Care" shall mean Complete Care Centers, LLC f/k/a Integrative Physical Medicine Holding, LLC, and any employee, representative, agent, entity, or other person who acts, has acted, or has by any person been requested to act for Complete Care's benefit or on Complete Care's behalf, or who has acted for Complete Care's benefit with Complete Care's knowledge, consent, or acquiescence.

2. "Defendants" shall mean, collectively, Complete Care, Marc G. Ott ("Ott") and Bret G. Scheuplein ("Scheuplein"), and any employee, representative, agent, entity, or other person who acts, has acted, or has by any person been requested to act for any Defendant's benefit or on any Defendant's behalf, or who has acted on any Defendant's behalf or for any Defendant's benefit with any Defendant's knowledge, consent, or acquiescence.

3. "Integrative Physical Medicine" shall mean, collectively, Integrative Health of Orlando LLC, Park Lake Physical Medicine, LLC, Integrative Physical Medicine of Lake Mary, LLC, Integrative Physical Medicine of Winter Haven LLC, Integrative Physical Medicine of Mount Dora, LLC, Integrative Physical Medicine of Kissimmee LLC, Integrative Physical Medicine of Debary, LLC, Integrative Physical Medicine of Maitland, LLC, Integrative Physical Medicine of West Orlando, LLC, Integrative Physical Medicine of Lakeland, LLC, Integrative Physical Medicine of Metro West, LLC, Integrative Physical Medicine of Plant City, LLC f/k/a Integrative Physical Medicine of Palm Coast, LLC, Integrative Physical Medicine of Clermont, LLC, Integrative Physical Medicine of Leesburg, LLC, Integrative Physical Medicine of Sanford, LLC, Integrative Physical Medicine of

Waterford, LLC, and Integrative Physical Medicine of the Villages, LLC, and any employee, representative, agent, entity, or other person who acts, has acted, or has by any person been requested to act for Integrative Physical Medicine's benefit or on Integrative Physical Medicine's behalf, or who has acted for Integrative Physical Medicine's benefit with Integrative Physical Medicine's knowledge, consent, or acquiescence.

4. "Central Florida Imaging" shall mean, collectively, Central Florida Imaging, LLC, Central Florida Imaging of Lakeland, LLC, and Central Florida Imaging of Leesburg, LLC and any employee, representative, agent, entity, or other person who acts, has acted, or has by any person been requested to act for Central Florida Imaging's benefit or on Central Florida Imaging's behalf, or who has acted for Central Florida Imaging's benefit with Central Florida Imaging's knowledge, consent, or acquiescence.

5. "Interventional Associates" shall mean, collectively, Interventional Associates, LLC, Interventional Associates of Lakeland, LLC, and Interventional Associates of Leesburg, LLC and any employee, representative, agent, entity, or other person who acts, has acted, or has by any person been requested to act for Interventional Associates' benefit or on Interventional Associates' behalf, or who has acted for Interventional Associates' benefit with Interventional Associates' knowledge, consent, or acquiescence.

6. "Complete Care Entities" shall mean, collectively, Complete Care, Integrative Physical Medicine, Central Florida Imaging, and Interventional Associates.

7. "State Farm Plaintiffs" shall mean, collectively, State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire").

8. "Document" or "Documents" means information stored or maintained in any form including, but not limited to, electronically stored information and every original (and every copy of an original that differs in any way from the original) writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, or computerized, including books, records, papers, letters, emails, text messages, voicemails, instructions, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, reports, correspondence, faxes, memoranda, notes, notebooks, lists, analyses, financial statements, bank statements, deposit tickets, cancelled checks, wire transfers, PowerPoint presentations, spreadsheets, charts, minutes, calendars, appointment books, itineraries, vouchers, receipts, contracts, agreements, invoices, written memorials of oral communications, photographs, films, video tapes, audio tapes, recordings and compilations of data or other information, including any compilations from which information can be obtained.  "Document" or "Documents" shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure and Federal Rules of Evidence.

9. "Communication" or "Communications" mean, without limitation, the transmission of a word, statement, fact, idea, document (as defined above), instruction, demand, or question, and includes all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, electronic mail, text messages, voicemail, or other forms of written, electronic, or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda and other records of any communications.

10. "Person," "Persons," "Individual," or "Individuals" as used herein, shall mean and includes, without limitation, any natural person, association, partnership, corporation, firm, professional corporation, proprietorships, other business entity, municipal corporation, legislative body, or other governmental agency, bureau, division, department, commissioner, or office.

11. "Payment" or "Payments" shall mean anything of value.

12. "Relating to" or "referring to" means relating to, referring to, or pertaining in any way, directly or indirectly, to a document or class of documents, or an event, act or occurrence, and includes, without limitation, comprising, constituting, analyzing, describing, evidencing, comparing, summarizing, discussing, reflecting, showing, referring to, forming the basis of, containing, or supporting the event, act, or occurrence.

13. "Lawsuit" shall mean the above-captioned action currently pending in the United States District Court for the Middle District of Florida.

14. "Complaint" shall mean the Complaint [ECF No. 1] filed by the State Farm Plaintiffs in this Lawsuit.

15. "Patient" shall mean the Patients listed in Exhibit 4 to the Complaint [ECF No. 1].

16. "Relevant Time Period" shall mean January 2014 to the present unless otherwise specified.

## INSTRUCTIONS

1. If any document described in any response to these document requests is no longer in Your possession, custody, control, or care, state whether the document: (a) is missing

5

or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily to others; or (d) has been otherwise disposed of or discarded. In each situation, please state the facts surrounding such disposition, and identify the person(s) directing or authorizing that disposition, and the disposition date.

2. Any information or document responsive to these document requests that is not produced or disclosed by reason of a claim of privilege or work product, or for any other reason, shall be identified by: (a) the date the document was created; (b) general subject matter; (c) identity of person(s) to whom the information, or any portion thereof, has been revealed; (d) identity of person(s) from whom the information was communicated; and (e) the basis upon which the information is being withheld.

3. The singular form of any word shall include the plural and the plural shall include the singular.

4. The terms "and," "or," and "and/or" shall be construed conjunctively or disjunctively as necessary to bring within the scope all responses, which might otherwise be construed as outside its scope.

5. You shall furnish all information available to You as of the date of Your responses hereto and shall supplement such responses as required by Fed. R. Civ. P. 26(e).

6. All documents that exist in electronic format shall be produced in the native format in which they are maintained, including all metadata, unless the parties agree to an alternative means of production.

7. In producing any documents responsive to these requests, You shall identify on whose behalf the documents are being produced through the use of a unique Bates label

identifier. To the extent that You produce documents on behalf of You and another Defendant in this Lawsuit, You shall so indicate in writing.

## REQUESTS FOR PRODUCTION

1. All Documents related to the Patients, including, but not limited to, complete medical records for each Patient, PIP Routing Forms, test results, MRI images, referrals, prescriptions, orders, sign-in sheets, invoices, CMS 1500 Health Insurance Claim Forms, bills, notes, and communications concerning the Patients.

2. All treatment protocols, guidelines, policies, and/or processes established or utilized by the Complete Care Entities in connection with the provision of health care services.

3. All documents and communications pertaining to the (a) development, (b) implementation, or (c) supervision of any protocols, guidelines, policies, and/or processes established or utilized by the Complete Care Entities in connection with the provision of health care services

4. All handbooks, manuals, instructions, guidelines, policies, procedures, conferences, sessions or training documents provided to employees and/or independent contractors of the Complete Care Entities.

5. All agendas from the Complete Care Entities' monthly staff meetings.

6. All agreements between the Complete Care Entities and any other person or entity related to performing reviews, reads, and/or preparing reports of MRIs taken by, or on behalf of the Complete Care Entities.

7. Any and all policies, procedures, protocols, or rules of any kind promulgated and/or maintained by the Complete Care Entities relating to or concerning patient referrals.

8. Any and all policies, procedures, protocols, or rules of any kind promulgated and/or maintained by the Complete Care Entities relating to or concerning the collection of copayments and deductibles.

9. All communications to or from Ott, Scheuplein, and/or Alex Petit relating to or concerning the collection of copayments and deductibles from patients at the Complete Care Entities.

10. All financial hardship letters or forms completed by any Patient who was unable to pay a copayment or deductible to the Complete Care Entities.

11. All Documents reflecting or concerning all copayments and deductibles that were collected by the Complete Care Entities from the Patients, including, but limited to, receipts, credit card receipts, invoices, and ledgers.

12. All documents and communications relating to, concerning, or evidencing the attempted collection of copayments and deductibles from Patients at the Complete Care Entities, including, but not limited to, all invoices and bills sent to Patients.

13. All communications with any attorney or law firm that represented a Patient relating to or concerning the collection of copayments and deductibles from the Patients and/or the deferment or waiver of copayments and deductibles.

14. All Documents reflecting or concerning all copayments and deductibles that were written off or waived for the Patients.

15. All Documents reflecting or concerning any Patients that were sent to collections, or any other third party collection agency, over their failure to pay any copayment or deductible.

16. All contracts or agreements between the Complete Care Entities and any law firm, collection agency or another company regarding the billing or collection of fees for health care services allegedly rendered to Patients.

17. All marketing, promotional, and/or advertising materials for the Complete Care Entities, including but not limited to, any mailing lists or marketing communications with any attorney, law firm, chiropractor, physician, physical therapist, and/or the general public.

18. All business plans created, developed, or drafted for the Complete Care Entities.

19. Documents evidencing all payments made by the Complete Care Entities for transportation to Central Florida Imaging and/or Interventional Associates for the patients identified in Exhibits 1 and 2 to the Complaint [ECF No. 1], including, but not limited to, receipts and invoices.

20. All office lease agreements entered into by the following entities:

   a. Interventional Associates of Lakeland, LLC

   b. Central Florida Imaging of Lakeland, LLC

   c. Integrative Physical Medicine of Lakeland, LLC

   d. Central Florida Imaging, LLC

   e. Integrative Physical Medicine of Lake Mary, LLC

21. All agreements between Interventional Associates and any Health Care Provider, as defined under Florida Statutes § 456.053(3)(i), who was employed or engaged by Interventional Associates.

22. Documents evidencing or reflecting the day(s) of the week and time that each Health Care Provider, as defined under Florida Statutes § 456.053(3)(i), who was employed or

9

engaged by Interventional Associates was physically present at any Interventional Associates clinic location, including, but not limited to, any calendar, schedules, attendance logs, time sheets, and office hours.

23. All correspondence to or from Ott and/or Scheuplein relating to, concerning, or evidencing, the referral of patients from Integrative Physical Medicine to Central Florida Imaging and/or Interventional Associates.

24. All correspondence to or from Adam Boylan relating to, concerning, or evidencing, the referral of patients from Integrative Physical Medicine to Central Florida Imaging and/or Interventional Associates.

25. All federal tax returns filed by the Complete Care Entities (including all schedules and attachments) for the years 2014 through 2019.

26. Documents and agreements which dictated or controlled how the overhead expenses of and the income from the Complete Care Entities were to be distributed.

27. All Documents reflecting any contractual relationships and/or financial arrangements between or among the Complete Care Entities.

28. All Documents reflecting or concerning any criminal, disciplinary, or licensure investigations of the Complete Care Entities.

29. All affidavits, sworn statements, transcripts, of depositions or testimony provided by the Complete Care Entities or any of the Complete Care Entities' employees, officers, or agents regarding any Patient.

30. All Documents identified in Defendants' initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

31. The Form W-2s for all employees of the Complete Care Entities.

32. The Form 1099-MISCs for all independent contractors of the Complete Care Entities.

33. All bonus plans and/or incentive programs created, implemented or used for employees and/or independent contractors of the Complete Care Entities.

34. All insurance policies (or documents identifying any insurance policy) held or maintained by the Complete Care Entities (or its officers/directors/shareholders).

35. All communications between Ott and/or Scheuplein and any employee and/or independent contractor of the Complete Care Entities relating to or concerning the ordering or provision of MRIs at the Complete Care Entities.

36. All communications between Ott and/or Scheuplein and any employee and/or independent contractor of the Complete Care Entities relating to or concerning emergency medical condition determinations at the Complete Care Entities.

37. All communications to or from Ott and/or Scheuplein that relate to or concern training for practitioners providing health care services or supplies to patients at the Complete Care Entities.

Dated: September 4, 2020

By: /s/ David I. Spector
David I. Spector, **Trial Counsel**
Florida Bar Identification No. 086540
James J. Duffy
Florida Bar Identification No. 68662
**HOLLAND & KNIGHT LLP**
777 South Flagler Drive, Suite 1900 W
West Palm Beach, FL 33401
Telephone:  (561) 833-2000
Facsimile:  (561) 650-8399
E-mail: david.spector@hklaw.com

james.duffy@hklaw.com  
*Attorneys for State Farm Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2020, the foregoing document was served on the following counsel via electronic mail.

/s/ David I. Spector  
DAVID I. SPECTOR  
Fla. Bar No. 086540

## SERVICE LIST

| |  |
|---|---|
| SANFORD R. TOPKIN<br>Fla. Bar No. 948070<br>TOPKIN & PARTLOW, P.L.<br>1166 West Newport Center Drive, Suite 309<br>Deerfield Beach, Florida 33442<br>(954) 422-8422 Telephone<br>(954) 422-5455 Facsimile<br>stopkin@topkinlaw.com<br>epopper@topkinlaw.com<br><br>*Attorneys for Complete Care Centers, LLC, f/k/a Integrative Physical Medicine Holding, LLC, Marc G. Ott, and Bret G. Scheuplein* | |

#77736151_v6