UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE**
**COMPANY and STATE FARM FIRE**
**AND CASUALTY COMPANY,**

       **Plaintiffs,**

v.                                                                Case No: 6:20-cv-1240-WWB-EJK

**COMPLETE CARE CENTERS, LLC,**
**MARC G. OTT and BRET G.**
**SCHEUPLEIN,**

       **Defendants.**
_____/

**ORDER**

On May 20, 2021, at 2:30 p.m., Plaintiffs filed their Motion to Compel. (Doc. 130). The same day, at 6:56 p.m., Defendants filed their Motion for a Protective Order. (Doc. 131.) Plaintiffs timely responded to Defendants' Motion. (Doc. 135.) Defendants failed to respond to Plaintiffs' Motion. Therefore, pursuant to my Order on Discovery Motions (Doc. 8) and Local Rule 3.01(c), I granted Plaintiffs' Motion as unopposed. (Doc. 139.)

Now Defendants have filed a Motion for Reconsideration (Doc. 141), arguing that they really meant their Motion for a Protective Order to be a *response* to Plaintiff's Motion to Compel and that the Motion for a Protective Order simply "inadvertently did not contain the word Opposition in its title when its content is clearly Opposition." (*Id.* at 2.) The Court is not convinced.

First of all, Defendants cite to nothing in my Order on Discovery Motions, the Local Rules, or the Federal Rules of Civil Procedure that would allow a party to file a new motion in response to another motion. Second, Defendants state that "[c]onsolidation of Plaintiffs Motion [DE 130]

and Defendants Motion for Protective Order [DE 131] will serve the interest of justice and judicial economy." (*Id.*) I agree. That is why Defendants should have filed a *response* to Plaintiffs' first-in-time motion. These motions did not cross each other over the internet. Plaintiffs' motion was filed over four hours earlier than Defendants' motion. Any response should have been just that—a response.

Third, to the extent that there was any confusion about whether a response was required, Defendants could have simply taken the conservative route and noted that Plaintiffs responded to their Motion for a Protective Order, so perhaps they should respond to Plaintiffs' Motion to Compel. If it were so clear that the Motion for a Protective Order was meant to be a response to the Motion to Compel, then there would have been no need for Plaintiffs to respond, because that would have been effectively a reply. At the very least, Plaintiffs' response should have alerted Defendants to some confusion on their part about this issue.

Moreover, having reviewed the Motion for a Protective Order (Doc. 131), there is nothing when read independently, and very little when read with the benefit of the Motion for Reconsideration, that indicates that the Motion is responsive to Plaintiffs' Motion to Compel. The Motion for a Protective Order does not cite to any specific discovery requests, nor does it address all of Plaintiffs' arguments. So, to the extent that Defendants really did consider their Motion for a Protective Order to be a response to Plaintiffs' Motion to Compel, it is woefully deficient and would result in the same outcome.

The Court will also take this opportunity to assess the merits of the Motion for a Protective Order as a motion rather than as a response. Defendants first set forth an assumption that Plaintiffs "seem to be proceeding under a 'predetermined treatment plan' theory rather than a case-by-case analysis of the treatment provided to Plaintiffs insureds." (Doc. 131 at 1.) Defendants have

separately asked the Court to "require Plaintiffs to designate their theory" and set forth the same alternative theories for Plaintiffs to pick. (Doc. 127 at 1–2.) Both motions rely upon *Gov't Emples. Ins. Co. v. Cereceda*, No. 19-22206-CIV-ALTONAGA/GOODMAN, 2021 U.S. Dist. LEXIS 8152 (S.D. Fla. Jan. 15, 2021). In that case, the plaintiff refused to answer certain interrogatories about specific claims and services because of its "theory of a broad-based fraud based on pre-determined medical protocols." *Id.* at *22. However, the plaintiff stated that its experts might try to present specific illustrations at trial—"[i]n other words, [plaintiff] would be seeking to introduce some of the very evidence it refuses to provide in discovery." *Id.* Magistrate Judge Goodman thus gave the plaintiff a choice: either it could continue utilize its broad-based approach and its expert would be precluded from testifying about "any specific patient, claim or service," or the plaintiff could present such testimony, but only if it "fully and specifically answer[ed] the interrogatories at issue." *Id.* at *23–24.

This case has a completely different procedural posture than what the court faced in *Cereceda*. Plaintiffs have not designated a "theory" of their case, and Defendants cite no authority for this Court to require them to do so at this juncture. Moreover, unlike *Cereceda*, the deadline for serving expert disclosures is still months away. Importantly, Plaintiffs are not attempting to inhibit Defendants' ability to respond to their experts' opinions by withholding claim-specific information; instead, Defendants would essentially force the *Cereceda* predicament by preventing Plaintiffs' experts from supporting their opinions with claim-specific information. In all respects, *Cereceda* is inapposite at this point. Therefore, the Court will deny both the Motion for a Protective Order[1] and the Motion for Plaintiff to Designate a Theory on their merits.

---

[1] Defendants also make a vague proportionality argument, but fail to set forth any specifics or to address any of the factors set forth in Federal Rule of Civil Procedure 26(b)(1).

Finally, Defendants failed to comply with the Local Rules. The Motion for Reconsideration does not contain a single case or rule citation, much less the memorandum of law required by Local Rule 3.01(a). More egregiously, I issued my Order granting the Motion to Compel yesterday, June 2, 2021. The parties could not possibly have met and conferred on May 11, 2021, for a motion to reconsider an order that I issued on June 2, 2021.

For the foregoing reasons, the Motion for Reconsideration (Doc. 141) is **DENIED**. The Motion for a Protective Order (Doc. 131) is **DENIED**. The Motion for Plaintiff to Designate a Theory (Doc. 127) is **DENIED**.

Defendants are cautioned that the filing of another motion as legally and factually deficient as the Motion for Reconsideration may result in sanctions pursuant to Federal Rule of Civil Procedure 11.

**DONE** and **ORDERED** in Orlando, Florida on June 3, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE