UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No: 6:20-cv-1240-Orl-WWB-EJK

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and STATE
FARM FIRE AND CASUALTY
COMPANY,

        Plaintiffs,

vs.

COMPLETE CARE CENTERS, LLC,
F/K/A INTEGRATIVE PHYSICAL
MEDICINE HOLDING, LLC,
MARC G. OTT, and BRET G.
SCHEUPLEIN,

        Defendants.


COMPLETE CARE CENTERS, LLC, a Florida
Limited Liability Company,

        Counter-Plaintiff

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and STATE
FARM FIRE AND CASUALTY
COMPANY,

        Counter-Defendants.

_____/

**PLAINTIFFS/COUNTER-DEFENDANT'S SHORT FORM MOTION TO COMPEL
THE PRODUCTION OF DOCUMENTS**

    On November 12, 2021, Plaintiffs served their Sixth Request for Production on Complete Care Centers, LLC ("Defendant"), which contains three Requests pertaining to

1

the services performed by Michael Miscoe ("Miscoe"), a coding expert who was retained by Defendant. *See* **Exhibit A**. Defendant responded to each Request with the same, non-specific objections and only agreed to produce a single document (DFS RESP 022450-43)—an email between Marc Ott and Miscoe from July 2019 pertaining to a chart review performed by Miscoe. *See* **Exhibit B**. As discussed below, Defendant's objections are without merit and should be overruled.

Defendant's objection that each Request is "vague, ambiguous, and patently unreasonable" is unfounded. Indeed, Plaintiffs' discovery is targeted to the services that Defendant identified in its interrogatory responses as being performed by Miscoe—coding services. *See* **Exhibit C**. Thus, Defendant cannot plausibly contend it does not understand what documents are sought by Plaintiffs. Nor are the Requests overbroad. Indeed, according to Defendant's interrogatory responses Miscoe only provided coding services for a limited period of time—2019 through 2020. *See id*.

Next, Defendant's objection that each Request seeks privileged information is without merit. Plaintiffs are only seeking documents that relate to the services Miscoe provided in his capacity as a coding expert and *not* that of an attorney. Moreover, Defendant waived the right to claim privilege. This is because Defendant failed to produce a privilege log. *See* Standing Order on Privilege ("The privilege log shall be served simultaneously with the response to the written discovery requests in which the information, communications, or documents are withheld on the basis of privilege"). Moreover, Defendant allowed inquiry into the services Miscoe provided for the Defendant during the deposition of Adam Boylan, Defendant's CMO. Nor does the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") provide a basis to withhold the

2

documents sought here because the Parties entered into a Confidentiality Agreement, which this Court has found qualifies as a HIPAA protective order.

Defendant's relevance objection also fails. The conclusions Miscoe drew from his review of Defendant's records are directly relevant to Plaintiffs' claim that Defendant administered treatment pursuant a predetermined treatment plan. Indeed, according to the email produced by Defendant in response to these Requests, Miscoe found the consistent patterns that were present in Defendant's records support Plaintiffs' claims in this action. Moreover, the relevance of this discovery is heightened now that Miscoe has been disclosed as a testifying expert for Defendant. Simply put, there is no basis for Defendant to withhold the results of Miscoe's chart review, especially here where they discredit the opinions Miscoe has offered as a disclosed expert in this action.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.1(g), counsel for Plaintiffs certify that on December 15 and 16, 2021 they conferred with counsel for Defendant via telephone regarding the relief sought in this Motion in a good faith effort to resolve the issues raised in this Motion. Counsel for Defendant opposes the relief.

Dated: December 16, 2021            Respectfully submitted,

By: */s/ David I. Spector*
David I. Spector, Trial Counsel
Fla. Bar No. 086540
James J. Duffy
Fla. Bar No. 0068662
**HOLLAND & KNIGHT LLP**
777 South Flagler Drive, Suite 1900
West Palm Beach, Florida  33401
Telephone:  (561) 833-2000

        Facsimile:  (561) 650-8399
david.spector@hklaw.com
james.duffy@hklaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2021, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record on the below Service List.

*/s/ David I. Spector*
DAVID I. SPECTOR
Fla. Bar No. 086540

## SERVICE LIST

| | |
|---|---|
| BRUCE S. ROSENBERG<br>ALEXIS ROSENBERG<br>Rosenberg Law, PA<br>6950 Cypress Road, Suite 107<br>Plantation, FL 33317<br>(954) 790-6100<br>rosenberg@rosenberglawpa.com<br>arosenberg@rosenberglawpa.com<br><br>*Attorneys for Defendants* | |

4