# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and STATE
FARM FIRE AND CASUALTY
COMPANY,

        Plaintiffs,

vs.                                            Case No: 6:20-cv-1240-Orl-WWB-EJK

COMPLETE CARE CENTERS, LLC,
F/K/A INTEGRATIVE PHYSICAL
MEDICINE HOLDING, LLC,
MARC G. OTT, and BRET G.
SCHEUPLEIN,

        Defendants.

_____/

**PLAINTIFFS' SIXTH REQUEST FOR PRODUCTION TO
DEFENDANT COMPLETE CARE CENTERS, LLC,
<u>F/K/A INTEGRATIVE PHYSICAL MEDICINE HOLDING, LLC</u>**

    Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, by and through their undersigned counsel, serve this Sixth Request for Production of Documents in accordance with Federal Rule of Civil Procedure 34 and request Defendant Complete Care Centers, LLC f/k/a Integrative Physical Medicine Holding, LLC respond to the following requests for production and produce the documents and things described herein for inspection and copying at the office of Holland & Knight LLP, 777 South Flagler Drive, Suite 1900, West Tower, West Palm Beach, FL 33401, within 30 days, or at such time and place as may mutually be agreed upon by counsel for parties.

**<u>DEFINITIONS</u>**

    1.    "You," "Your," or "Complete Care" shall mean Complete Care Centers, LLC f/k/a Integrative Physical Medicine Holding, LLC, and any employee, representative, agent, entity, or

other person who acts, has acted, or has by any person been requested to act for Complete Care's benefit or on Complete Care's behalf, or who has acted for Complete Care's benefit with Complete Care's knowledge, consent, or acquiescence.

2. "Defendants" shall mean, collectively, Complete Care, Marc G. Ott ("Ott") and Bret G. Scheuplein ("Scheuplein"), and any employee, representative, agent, entity, or other person who acts, has acted, or has by any person been requested to act for any Defendant's benefit or on any Defendant's behalf, or who has acted on any Defendant's behalf or for any Defendant's benefit with any Defendant's knowledge, consent, or acquiescence.

3. "Integrative Physical Medicine" shall mean, collectively, Integrative Health of Orlando LLC, Park Lake Physical Medicine, LLC, Integrative Physical Medicine of Lake Mary, LLC, Integrative Physical Medicine of Winter Haven LLC, Integrative Physical Medicine of Mount Dora, LLC, Integrative Physical Medicine of Kissimmee LLC, Integrative Physical Medicine of Debary, LLC, Integrative Physical Medicine of Maitland, LLC, Integrative Physical Medicine of West Orlando, LLC, Integrative Physical Medicine of Lakeland, LLC, Integrative Physical Medicine of Metro West, LLC, Integrative Physical Medicine of Plant City, LLC f/k/a Integrative Physical Medicine of Palm Coast, LLC, Integrative Physical Medicine of Clermont, LLC, Integrative Physical Medicine of Leesburg, LLC, Integrative Physical Medicine of Sanford, LLC, Integrative Physical Medicine of Waterford, LLC, and Integrative Physical Medicine of the Villages, LLC, and any employee, representative, agent, entity, or other person who acts, has acted, or has by any person been requested to act for Integrative Physical Medicine's benefit or on Integrative Physical Medicine's behalf, or who has acted for Integrative Physical Medicine's benefit with Integrative Physical Medicine's knowledge, consent, or acquiescence.

4. "Central Florida Imaging" shall mean, collectively, Central Florida Imaging, LLC, Central Florida Imaging of Lakeland, LLC, and Central Florida Imaging of Leesburg, LLC and any employee, representative, agent, entity, or other person who acts, has acted, or has by any person been requested to act for Central Florida Imaging's benefit or on Central Florida Imaging's behalf, or who has acted for Central Florida Imaging's benefit with Central Florida Imaging's knowledge, consent, or acquiescence.

5. "Interventional Associates" shall mean, collectively, Interventional Associates, LLC, Interventional Associates of Lakeland, LLC, and Interventional Associates of Leesburg, LLC and any employee, representative, agent, entity, or other person who acts, has acted, or has by any person been requested to act for Interventional Associates' benefit or on Interventional Associates' behalf, or who has acted for Interventional Associates' benefit with Interventional Associates' knowledge, consent, or acquiescence.

6. "Complete Care Entities" shall mean, collectively, Complete Care, Integrative Physical Medicine, Central Florida Imaging, and Interventional Associates.

7. "State Farm Plaintiffs" shall mean, collectively, State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire").

8. "Document" or "Documents" means information stored or maintained in any form including, but not limited to, electronically stored information and every original (and every copy of an original that differs in any way from the original) writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, or computerized, including books, records, papers, letters, emails, text messages, voicemails, instructions, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings,

sketches, graphs, charts, plans, reports, correspondence, faxes, memoranda, notes, notebooks, lists, analyses, financial statements, bank statements, deposit tickets, cancelled checks, wire transfers, PowerPoint presentations, spreadsheets, charts, minutes, calendars, appointment books, itineraries, vouchers, receipts, contracts, agreements, invoices, written memorials of oral communications, photographs, films, video tapes, audio tapes, any content transmitted or received through any chat rooms, blogs, online forums, or social media or networking websites, applications, services, software, or platforms (such as those involving video sharing, photograph sharing, blogging, messaging, or ephemeral messaging, including but not limited to WhatsApp, Snapchat, Wickr, DingTalk, Confide, and/or Threema), recordings and compilations of data or other information, including any compilations from which information can be obtained.  "Document" or "Documents" shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure and Federal Rules of Evidence.

      9.    "Communication" or "Communications" mean, without limitation, the transmission of a word, statement, fact, idea, document (as defined above), instruction, demand, or question, and includes all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, electronic mail, text messages, voicemail, or other forms of written, electronic, or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda and other records of any communications.

      10.    "Person," "Persons," "Individual," or "Individuals" as used herein, shall mean and includes, without limitation, any natural person, association, partnership, corporation, firm, professional corporation, proprietorships, other business entity, municipal corporation, legislative body, or other governmental agency, bureau, division, department, commissioner, or office.

11.     "Payment" or "Payments" shall mean anything of value.

12.     "Relating to" or "referring to" means relating to, referring to, or pertaining in any way, directly or indirectly, to a document or class of documents, or an event, act or occurrence, and includes, without limitation, comprising, constituting, analyzing, describing, evidencing, comparing, summarizing, discussing, reflecting, showing, referring to, forming the basis of, containing, or supporting the event, act, or occurrence.

13.     "Lawsuit" shall mean the above-captioned action currently pending in the United States District Court for the Middle District of Florida.

14.     "Complaint" shall mean the Complaint [ECF No. 1] filed by the State Farm Plaintiffs in this Lawsuit.

15.     "Patients" shall mean the patients identified in Exhibits 7-16 to the Complaint [ECF No. 1].

16.     "Relevant Time Period" shall mean January 1, 2014 to the present unless otherwise specified.

## INSTRUCTIONS

1.      If any document described in any response to these document requests is no longer in Your possession, custody, control, or care, state whether the document: (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily to others; or (d) has been otherwise disposed of or discarded. In each situation, please state the facts surrounding such disposition, and identify the person(s) directing or authorizing that disposition, and the disposition date.

2.      Any information or document responsive to these document requests that is not produced or disclosed by reason of a claim of privilege or work product, or for any other reason,

5

shall be identified by: (a) the date the document was created; (b) general subject matter; (c) identity of person(s) to whom the information, or any portion thereof, has been revealed; (d) identity of person(s) from whom the information was communicated; and (e) the basis upon which the information is being withheld.

3. The singular form of any word shall include the plural and the plural shall include the singular.

4. The terms "and," "or," and "and/or" shall be construed conjunctively or disjunctively as necessary to bring within the scope all responses, which might otherwise be construed as outside its scope.

5. You shall furnish all information available to You as of the date of Your responses hereto and shall supplement such responses as required by Fed. R. Civ. P. 26(e).

6. All documents that exist in electronic format shall be produced in the native format in which they are maintained, including all metadata, unless the parties agree to an alternative means of production.

7. In producing any documents responsive to these requests, You shall identify on whose behalf the documents are being produced through the use of a unique Bates label identifier. To the extent that You produce documents on behalf of You and another Defendant in this Lawsuit, You shall so indicate in writing.

## **REQUESTS FOR PRODUCTION**

1.  All communications to or from Michael Miscoe and/or Practice Masters, Inc. regarding any coding services, chart audits, file audits, and/or chart reviews that Michael Miscoe and/or Practice Masters, Inc. performed and/or were engaged to perform for the Complete Care Entities.

2.  All documents and electronically stored information that were created, drafted, and/or provided by Michael Miscoe and/or Practice Masters, Inc. that relate to or reflect any coding services, chart audits, file audits, and/or chart reviews that Michael Miscoe and/or Practice Masters, Inc. performed and/or were engaged to perform for the Complete Care Entities.

3.  All documents and electronically stored information that the Complete Care Entities provided to Michael Miscoe and/or Practice Masters, Inc. in connection with any coding services, chart audits, file audits, and/or chart reviews, including all medical records, medical bills, and billing data.

Dated: November 12, 2021     By: */s/ David I. Spector*
                                 David I. Spector, **Trial Counsel**
                                 Florida Bar Identification No. 086540
                                 James J. Duffy
                                 Florida Bar Identification No. 68662
                                 **HOLLAND & KNIGHT LLP**
                                 777 South Flagler Drive, Suite 1900 W
                                 West Palm Beach, FL 33401
                                 Telephone:  (561) 833-2000
                                 Facsimile:   (561) 650-8399
                                 E-mail: david.spector@hklaw.com
                                             james.duffy@hklaw.com

                                 *Attorneys for State Farm Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on November 12, 2021, the foregoing document was served on the following counsel via electronic mail.

*/s/ David I. Spector*
DAVID I. SPECTOR
Fla. Bar No. 086540

## SERVICE LIST

| | |
|---|---|
| BRUCE S. ROSENBERG<br>ALEXIS ROSENBERG<br>Rosenberg Law, PA<br>6950 Cypress Road, Suite 107<br>Plantation, FL 33317<br>rosenberg@rosenberglawpa.com<br>arosenberg@rosenberglawpa.com<br><br>*Attorneys for Defendants* | |

8