# Exhibit B

# UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:20-cv-01240-WWB-

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, and STATE FARM
FIRE AND CASUALTY
COMPANY,

    Plaintiffs

vs.

COMPLETE CARE ENTITIES, LLC
F/K/A INTEGRATIVE PHYSICAL
MEDICINE HOLDING, LLC, MARC G.
OTT, and BRET G. SCHEUPLEIN,

    Defendants.
_____/

## DEFENDANT COMPLETE CARE ENTITIES, LLC F/K/A INTEGRATIVE PHYSICAL MEDICINE HOLDING, LLC'S RESPONSE AND OBJECTIONS TO PLAINTIFFS' SIXTH REQUEST FOR PRODUCTION

Defendant, COMPLETE CARE ENTITIES, LLC F/K/A INTEGRATIVE PHYSICAL MEDICINE HOLDING, LLC ("Defendant"), by and through its undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure serves these responses to Plaintiffs', STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY (collectively, "Plaintiffs"), Sixth Request for Production (the "Request").

### PRELIMINARY STATEMENT & RESERVATION OF RIGHTS

1.    By making the accompanying responses and objections, Defendant does not waive or intend to waive any rights, but, to the contrary, intends to preserve and is preserving: (a) the right

to object, on any and all grounds, including competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose, or any other ground, to the use of the documents produced or the subject matter thereof, in this or any subsequent or other proceeding; and (b) the right to object on any ground to other document requests, interrogatories, or other discovery proceedings involving or relating to the subject matter of the Requests. Further, Defendant makes the responses and objections herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of this action.

2.  Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

3.  Defendant's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

4.  Where Defendant states herein that it will produce, or has produced, documents in accordance with the Federal Rules of Civil Procedure, it will produce such documents to the extent that they exist, are in the possession, custody, or control of Defendant, and can be reasonably obtained. Additionally, all responses provided herein are made with respect to documents falling within the period set forth in the Request, specifically from January 2014 to the present.

5.  As the review of documents is ongoing, Defendant does not represent that any such documents or things exist or are in the possession, custody, or control of Defendant.

6.  The information and documents supplied herein are for use in this litigation and for no other purpose.

7.     Defendant shall not be required to produce any documents that may contain confidential, confidential or proprietary, or trade secret information. Defendant objects to such requests for confidential information and will not produce those documents unless directed by the Court to do so pursuant to a Protective Order.

8.     Defendant will not produce any documents that may contain information protected by the physician-patient privilege, Section 456.057, Florida Statutes, the federal Health Insurance Portability and Accountability Act ("HIPAA"), the federal Healthcare Quality Improvement Act of 1986 ("HCQIA"), or any other similar statute, privilege, or protection. Defendant objects to requests for such protected or confidential information and shall not be required to produce those documents unless directed by the Court to do so pursuant to a Protective Order.

9.     Defendant intends to produce responsive documents in electronic format where the documents exist in electronic format.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     Defendant objects to the provided definitions of "You," "Your," "Complete Care," "Defendants," "Integrative Physical Medicine," "Central Florida Imaging," and "Interventional Associates." Request, Definition Numbers One, Two, Three, Four and Five.  These definitions are objectionable as (1) encompassing any attorneys of any of the defendants in this action, to the extent the definition purports to require Defendant to produce documents protected by the attorney-client privilege, the work product privilege/doctrine, common interest privilege/doctrine, joint defense privilege, or any other similar privilege or protection, (2) they are overly broad and unduly burdensome, because such definitions seek to include entities and individuals that Defendant does not have possession, custody and control over, such as individuals and entities who have acted

or have been requested to act on their benefit or behalf, and further, (3) to the extent they purport to require Defendant to contact hundreds of employees and/or contractors, current or former, who may poeses any of the overbroad information or documents requested in their personal or business records, in order to respond to the Request.

2.  Defendant objects to the provided definition of "relating to." Definition number 12 purports to define the term "relating to" but does so in such an overbroad, wide reaching and unworkable fashion as to render strict compliance with the bulk of the Request a practical impossibility. The definition of the term "relating to" is grossly overbroad and, in some respects, it could be argued that "everything is related to everything else."[1] The significant problem with this type of request is it seeks to force Defendant (or more likely Defendant's counsel) to try to

---

[1] As a matter of law, a document request must designate the documents sought with sufficient particularity to enable the responding party, and the Court, to objectively determine with reasonable certainty which documents are or are not included with the Request. From a practical standpoint, this definition would require the responding party to review the universe of documents within its possession, custody and control and determine, for each such document, whether or not, in Defendant's subjective judgment, that document does or does not "relate to" the subject matter and issue. Literal compliance with this task is a practical impossibility, particularly since, as both the United States Supreme Court and the Florida Supreme Court have both observed, "everything is related to everything else." Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co., 761 So.2d 306, 316 (Fla. 2000) (quoting California Div. of Labor v. Dillingham Constr., N.A., Inc., 519 U.S. 316, 335 (1997) (Scalia concurring)).

make subjective determinations as to what may or may not be deemed to "relate to" the topic at issue; whereas, Rule 34 requires that the requesting party specify the documents sought with sufficient particularity to enable the responding party (and the Court) to know which documents are being sought. If this type of request were proper, a litigant could simply ask for all documents "related to any of the issues in the lawsuit," and every document request would consist of that one single sentence. *See Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Florida*, No. 10-80241-CIV, 2010 WL 5093746, at *5 (S.D. Fla. Dec. 8, 2010) (concluding that a discovery request seeking all documents that "concern" a designated subject was overbroad, but also expressly explained how and why such requests for "all documents relating to" certain claims are improper and describe the documents sought "in the broadest way possible," since such requests are not "reasonably calculated to lead to the discovery of admissible evidence."); *State Nat'l Ins. Co. v. Lamberti*, No. 08-60760-CIV, 2009 WL 702239, at *3 (S.D. Fla. May 17, 2009) (finding "facially overbroad" document requests using the phrase "relating to" as "the request in dispute is exceedingly broad, and not worded with sufficient clarity to allow a reasonable reader to know precisely what documents are sought."); *Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-civ, 2008 WL 2229552, at *10 (S.D. Fla. May 28, 2008) ("courts have concluded that production requests that seek information 'relating to' subject areas are impermissibly overbroad.").

3.   Defendant objects to the provided definition of "Payment" or "Payments" as vague and ambiguous because "anything of value" is subjective.

4.   Defendant objects to Plaintiffs' use of definitions in the Request to the extent such definitions as applied attempt to impose any obligations which exceed those contained in the Federal Rules of Civil Procedure and applicable law and/or expands the applied definition of the words used as commonly understood with their colloquial meanings.

5. Defendant objects to Plaintiffs' instruction that a privilege list or log be provided where a claim of privilege or protection is asserted. Given the overly broad and irrelevant nature of many of the Requests, it would be unduly burdensome and a waste of the parties', counsels', and the Court's resources to require at this juncture Defendant to create a privilege log in response to patently overbroad Requests. Once the scope of otherwise discoverable documents to be produced is settled, and any privileged documents falling within that scope are withheld on the basis of a privilege, Defendant will produce a privilege log in accordance with applicable rules and law. See Fed. R. Civ. P. 26(b)(5).

6. Defendant objects to Plaintiffs' instruction regarding destroyed, discarded, or disposed documents to the extent it purports to place a burden on Defendant that exceeds that required by Rule 34.

Subject to, and without waiving, these Preliminary Statement and Objections to Instructions and Definitions, Defendant's specific responses to the Request are as follows:

**SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS** [2]

1. All communications to or from Michael Miscoe and/or Practice Masters, Inc. regarding any coding services, chart audits, file audits, and/or chart reviews that Michael Miscoe and/or Practice Masters, Inc. performed and/or were engaged to perform for the Complete Care Entities.

**RESPONSE**: Defendant objects to this Request as vague, ambiguous, and patently unreasonable. This Request obligates Defendant to review every document in its possession from the relevant time period for responsive documents by its use of "all" and "may use to support." Moreover, due to the overbreadth, the Request necessarily encompasses patently irrelevant information. The words "all" and "may use to support" are vague and overly broad in the context of this Request. Defendant cannot be certain exactly what information this Request covers and therefore what information is responsive. This Request would require Defendant to make judgment calls and exercise discretion in determining what is responsive to the Request. Accordingly, Defendant requires clarification as to the appropriate meaning and scope of this Request.

Defendant further objects to this Request in that it calls for information protected from disclosure by the physician-patient privilege, the attorney-client privilege, the work-product privilege, Fla. Stat. § 456.057, HCQIA, HIPAA, and other similar statutes, privileges, or protections.

Defendant objects to these Requests because they call for documents neither relevant to this action's subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence in this action. See *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485, at *2 (M.D. Fla. Dec. 7, 2011).

Defendant further objects to the term "all" on the grounds of overbreadth and lack of reasonable calculation to lead to admissible evidence. See *Berkley Assurance Company v. Expert Group International Inc.*, No. 8: 16-cv-3466-T17JSS, at *3 (M.D. Fla. Oct. 13, 2017).

Defendants object to this Request to the extent it seeks information protected by the work product doctrine and/or the attorney-client privilege established by Florida Statutes § 90.502. Files routinely contain documents and information reflecting attorney-client communications and/or work product prepared in anticipation of litigation. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Defendants are withholding responsive documents on the basis of this objection and will provide a privilege log identifying such documents. In accordance with and aside from these stated objections Defendant agree to produce documents not produced anticipation of litigation, relevant, non-privileged and no work product protected responsive documents (DFS RESP 0224540-DFS RESP 0224543).

2. All documents and electronically stored information that were created, drafted, and/or provided by Michael Miscoe and/or Practice Masters, Inc. that relate to or reflect any coding services, chart audits, file audits, and/or chart reviews that Michael Miscoe and/or Practice Masters, Inc. performed and/or were engaged to perform for the Complete Care Entities.

**RESPONSE**: Defendant objects to this Request as vague, ambiguous, and patently unreasonable. This Request obligates Defendant to review every document in its possession from the relevant time period for responsive documents by its use of "all" and "may use to support." Moreover, due to the overbreadth, the Request necessarily encompasses patently irrelevant information. The words "all" and "may use to support" are vague and overly broad in the context of this Request. Defendant cannot be certain exactly what information this Request covers and therefore what information is responsive. This Request would require Defendant to make judgment calls and exercise discretion in determining what is responsive to the Request. Accordingly, Defendant requires clarification as to the appropriate meaning and scope of this Request.

Defendant further objects to this Request in that it calls for information protected from disclosure by the physician-patient privilege, the attorney-client privilege, the work-product privilege, Fla. Stat. § 456.057, HCQIA, HIPAA, and other similar statutes, privileges, or protections.

Defendant objects to these Requests because they call for documents neither relevant to this action's subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence in this action. See *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485, at *2 (M.D. Fla. Dec. 7, 2011).

Defendant further objects to the term "all" on the grounds of overbreadth and lack of reasonable calculation to lead to admissible evidence. See *Berkley Assurance Company v. Expert Group International Inc.*, No. 8: 16-cv-3466-T17JSS, at *3 (M.D. Fla. Oct. 13, 2017).

Defendants object to this Request to the extent it seeks information protected by the work product doctrine and/or the attorney-client privilege established by Florida Statutes § 90.502. Files routinely contain documents and information reflecting attorney-client communications and/or work product prepared in anticipation of litigation. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Defendants are withholding responsive documents on the basis of this objection and will provide a privilege log identifying such documents. In accordance with and aside from these stated objections Defendant agree to produce documents not produced anticipation of litigation, relevant, non-privileged and no work product protected responsive documents (DFS RESP 0224540-DFS RESP 0224543).

3. All documents and electronically stored information that the Complete Care Entities provided to Michael Miscoe and/or Practice Masters, Inc. in connection with any coding services, chart audits, file audits, and/or chart reviews, including all medical records, medical bills, and billing data.

**RESPONSE**: Defendant objects to this Request as vague, ambiguous, and patently unreasonable. This Request obligates Defendant to review every document in its possession from the relevant time period for responsive documents by its use of "all" and "may use to support." Moreover, due to the overbreadth, the Request necessarily encompasses patently irrelevant information. The words "all" and "may use to support" are vague and overly broad in the context of this Request. Defendant cannot be certain exactly what information this Request covers and therefore what information is responsive. This Request would require Defendant to make judgment calls and exercise discretion in determining what is responsive to the Request. Accordingly, Defendant requires clarification as to the appropriate meaning and scope of this Request.

Defendant further objects to this Request in that it calls for information protected from disclosure by the physician-patient privilege, the attorney-client privilege, the work-product privilege, Fla. Stat. § 456.057, HCQIA, HIPAA, and other similar statutes, privileges, or protections.

Defendant objects to these Requests because they call for documents neither relevant to this action's subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence in this action. See *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485, at *2 (M.D. Fla. Dec. 7, 2011).

Defendant further objects to the term "all" on the grounds of overbreadth and lack of reasonable calculation to lead to admissible evidence. See *Berkley Assurance Company v. Expert Group International Inc.*, No. 8: 16-cv-3466-T17JSS, at *3 (M.D. Fla. Oct. 13, 2017).

Defendants object to this Request to the extent it seeks information protected by the work product doctrine and/or the attorney-client privilege established by Florida Statutes § 90.502. Files routinely contain documents and information reflecting attorney-client communications and/or work product prepared in anticipation of litigation. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Defendants are withholding responsive documents on the basis of this objection and will provide a privilege log identifying such documents. In accordance with and aside from these stated objections Defendant agree to produce documents not produced anticipation of litigation, relevant, non-privileged and no work product protected responsive documents (DFS RESP 0224540-DFS RESP 0224543).

Dated: December 13, 2021
Respectfully submitted,

/s/ Bruce S. Rosenberg
Bruce S. Rosenberg, Esq., FBN 994782
Alexis Rosenberg, Esq., FBN 335400
**ROSENBERG LAW, P.A.**
6950 Cypress Road, Suite 107
Plantation, FL 33317
Tel: (954)790-6100
service@rosenberglawpa.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 13th day of December 2021, the foregoing document is being served on counsel of record, via electronic mail to:

James J. Duffy
Holland & Knight LLP
777 South Flagler Drive, Suite 1900 West
West Palm Beach, FL 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399
Emails: David.spector@hklaw.com; james.duffy@hklaw.com
*Attorneys for Plaintiffs*