# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:20-cv-01240-WWB-EJK

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, and STATE FARM FIRE
AND CASUALTY COMPANY,

     Plaintiffs,

vs.

COMPLETE CARE CENTERS, LLC F/K/A
INTEGRATIVE PHYSICAL MEDICINE
HOLDING, LLC, MARC G. OTT, and BRET
G. SCHEUPLEIN,

     Defendants.

_____/

**DEFENDANT COMPLETE CARE CENTERS, LLC F/K/A INTEGRATIVE PHYSICAL MEDICINE HOLDING, LLC'S VERIFIED SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES NUMBERS 2, 4, 6, and 7**

Defendant, COMPLETE CARE CENTERS, LLC F/K/A INTEGRATIVE PHYSICAL MEDICINE HOLDING, LLC ("Defendant"), by and through its undersigned counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby serves these verified second supplemental responses and objections to Plaintiff's, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (collectively, "Plaintiff"), First Set Of Interrogatories Numbers 2, 4, 6, and 7.

**PRELIMINARY STATEMENT & RESERVATION OF RIGHTS**

1.    By making the accompanying responses and objections, Defendant does not waive or intend to waive any rights, but, to the contrary, intends to preserve and is preserving: (a) the right to object, on any and all grounds, including competency, relevancy, materiality,

defendant, the nature of the action, the date of the action, and the court where the suit was filed.

**RESPONSE**: Pursuant to the agreement between the parties, the response to this request is limited to litigation not including Personal Injury Protection collections and/or family law matters.

*Integrative Physical Medicine Services and Staffing, LLC v. Kevin Rhodes*. Enforcement of a non-competition agreement. Case was settled. 2014. Orange County Circuit Court.

*Tyler Robbins v. Integrative Physical Medicine, et al*. Malpractice action. Case was settled. 2015. Seminole County Circuit Court.

*Cherokee Funding II, LLC v. Interventional Associates, LLC, Integrative Physical Medicine, Inc., and Riki Iverson.* Action for Tortious Interference filed by Cherokee against IA and IPM relating to non-competition agreement that Cherokee had with Iverson. Case was voluntarily dismissed. 2017.  Middle District of Florida, Orlando Division.

*Sue Ellen Ruiz v. Integrative Physical Medicine Services and Staffing, LLC*.  This was an action by Ruiz against IPM for alleged discrimination. Case was settled. 2018. Orange County Circuit Court.

*Integrative Physical Medicine Services and Staffing, LLC and Complete Care Centers, LLC v. Angel Arroyo and Florida Pain & Wellness Centers, Inc*. This is a lawsuit by IPM and Complete Care against Arroyo to enforce non-competition agreement and against Florida Pain for tortious interference with contract. Case is pending. 2020. Orange County Circuit Court.

*Tyler A. Robbins and Kerri-Ann Robbins v. Celestino Santi, D.O., Frank Ritz, PA-C, Integrative Physical Medicine of Lake Mary, LLC, Integrative Physical Medicine Holding, LLC, Bret Scheuplein, D.C., Mark Ott, D.C., Sean Mahan, M.D., and Jeffrey Rocker, D.O.* This was a medical malpractice lawsuit where the Complete Care Entity was a Defendant. The case settled. 2015. Seminole County Circuit Court.

Based upon the stipulation between the parties with regard to Defendant's response to this request, Defendant does not believe that it is withholding any further information responsive to this request.

4.    Identify all individuals and/or entities hired or retained by the Complete Care Entities to provide any patient referrals or leads, consulting services, billing services, compliance services, peer review services, and/or coding services during the time period January 1, 2014 through the present. For each individual and/or entity identified, please provide the following information:

a. the name and contact information (physical address, email address, and phone

number) of the individual or entity;

b. describe in detail the services the individual or entity performed and the dates when the services were performed;

c. state whether the individual or entity was hired or retained pursuant to an oral or written agreement and the name and address of the individual(s) who negotiated and/or executed the agreement on behalf of the Complete Care Entities; and

d. the total monthly and annual compensation paid by the Complete Care Entities for all services for each year that individual or entity provided services to the Complete Care Entities.

**RESPONSE:**

Defendant objects to this Request as "consulting services" is vague as Defendant does not know what is meant by "consulting services". For example, individuals or entity is not related to the case at bar. Defendant further objects as the requested information is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence in this action and is harassing and vexatious.

Defendant also objects to this Request as "Patient referrals or leads" as vague as Defendant does not know what is meant by "patient referrals or leads". Defendant further objects neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence in this action and is harassing and vexatious. It is irrelevant as to whether our patients have referred family members or other patients to Defendant. Defendant further objects to this request as unduly burdensome since it would require that every patient file for the time period be reviewed to if it could even be determined if a patient referred another patient as well as to not proportional to issues in the case, non-medical related services such as records production and reasonably calculated to lead to discovery of admissible evidence in this action.

Defendant also objects to this Request as "billing services" as vague as Defendant does not know what is meant by "billing services". For example, non-medical compliance such as Americans Disability Act "ADA" or Occupational Safety and Health Administration "O.S.H.A". Defendant states without waiver of any objections, Complete Care Centers LLC invoices insurance companies for services and supplies rendered to its patients.

Defendant also objects to this Request as "peer review" as vague as Defendant does not know what is meant by "peer review". Pursuant to Florida Statute 395.0193, Hospital Licensing and Regulation, "a licensed facility, as a condition of licensure, shall provide for peer review of physicians who deliver health care services at the facility. Each licensed facility shall develop written, binding procedures by which such peer review shall be conducted." Peer Reviews pursuant to Florida Statute 395.0193 are confidential. Defendant further objects as the request is not proportional to the issues at bar.

Defendant also objects to this Request as "coding services" as vague as Defendant does not know what is meant by "coding services".

6

Defendant further objects as the request seeks expert disclosure which is not yet due.

Without waiver of the above objections and based upon the agreement between the parties to the limit this response to this request to exclude the identification of an individual who is an employee of the Complete Care Entities and performing these services in his or her capacity as an employee; exclude the identification of an individual or entity who provided legal services to the Complete Care Entities other than a an attorney or law firm that provided non-legal services; and to narrow consulting services to consulting services which pertain to practice management and/or the provision of health care services; and narrow subparagraph d to entities in which Marc Ott and/or Bret Scheuplein have an ownership interest, Defendant responds as follows:

**Athenahealth**
a.  Athenahealth, 311 Arsenal Street, Watertown, MA 02472, Defendant does not have a specific email, (800) 981-5084.
b.  Served as software to house medical records and process claims from 2014 to 2017.
c.  Written agreement, executed by Shelby Reid, 425 Alexandria, Blvd., Suite 1010, Oviedo, FL.
d.  Complete Care paid a percentage of the collections.
    2019:
    2020:
    2021:

**Vericle**
a.  Billing Dynamix, LLC (Vericle), 2857 Executive Drive Suite 200, Clearwater, FL 33762, thomasj@espoc.com, sales@billingdynamix.com, (800) 749-2090, (727) 386-9497
b.  Served as software to house medical records and process claims from 2016 to present.
c.  Written agreement, executed by Alex Petit, 425 Alexandria, Blvd., Suite 1010, Oviedo, FL.
d.  Complete Care paid a percentage of the collections.
    2019:
    2020:
    2021:

**ChiroTouch**
a.  ChiroTouch, 3636 Camino Del Rio North Suite 220, San Diego, CA 92108, support@mychirotouch.com, sales@chirotouch.com, (619) 528-0040, (619) 488-9800, (800) 852-1771
b.  Served as software to house medical records and process claims from date of inception to 2014.
c.  Not in possession or control.
d.  One time purchase.

**Colton Management LLC**

7

a. Colten Management LLC, 425 Alexandria Blvd., Oviedo, FL 32765, Colton Management LLC does not have an email or a phone number.
b. Provided management and consulting services pursuant to the Management Agreement previously produced in response to Plaintiffs' Request to Produce.
c. Written agreement, executed by Mark Ott, 425 Alexandria, Blvd., Suite 1010, Oviedo, FL, 32765
d. Payment pursuant to Management Agreement.

**Insight Management Group LLC**
a. Insight Management Group LLC, 425 Alexandria Blvd., Oviedo, FL 32765, Insight Management Group LLC does not have an email or a phone number.
b. Provided management and consulting services pursuant to the Management Agreement previously produced in response to Plaintiffs' Request to Produce.
c. Written agreement, executed by Mark Ott, 425 Alexandria, Blvd., Suite 1010, Oviedo, FL
d. Payment pursuant to Management Agreement.

**Michael Lowe**
a. Michael Lowe, 707 Monroe Road, Sanford, FL 32771. 407-332-6353 ext. 1011. mlowe@lowehealthlaw.com
b. Provided general healthcare law compliance services.
c. No written or oral agreement.
d. Invoiced as needed.

**Michael Miscoe**
a. Michael Miscoe / Practice Masters, Inc, 1032 Peninsula Drive Central City, PA 15926. (814) 754-1550, (814) 754-1553. mmiscoe@codingexperts.com.
b. Provided Coding services which included review of documentation process and recommendations related to how services were documented and billed/coded.
c. No written or oral agreement
d. Invoiced as needed.
      2019 annual compensation: 
      2020 annual compensation:

Defendant is not withholding any further information responsive to this request as agreed to be limited by the parties.

6. Identify all individuals who have ever served as a member, owner, officer, manager, and/or director of the Complete Care Entities, and for each state:
a. whether the individual was a member, owner, officer, manager, and/or director;
b. the dates when the individual commenced and ended being a member, owner, officer, manager, and/or director;
c. the individual's responsibilities and duties as a member, owner, officer, manager, and/or director; and
d. total annual payments, in any form, from the Complete Care Entities, including all guaranteed payments, dividends, distributions, and/or bonuses.

## VERIFICATION FOR FIRST SET OF INTERROGATORIES
## TO COMPLETE CARE

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF __ORANGE__      )

I, __MARC OTT__ being duly sworn and according to law do hereby verify and affirm that these Supplemental Answers to Interrogatories are true and correct based upon my own personal knowledge.

By:_____

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF __Orange__      )

The foregoing instrument was sworn to and subscribed before me this __18__ day of ____May____, 2021, by ___marc Ott___ who is personally known to me or who has produced _____ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp Commissioned Name of Notary Public)



Alexandra Petit
Comm.#HH038635
Expires: Sept. 12, 2024
Bonded Thru Aaron Notary

12