Exhibit 2

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

### CASE NO.: 6:20-cv-01240-WWB-EJK

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, and STATE FARM FIRE
AND CASUALTY COMPANY,

      Plaintiffs,

vs.

COMPLETE CARE CENTERS, LLC F/K/A
INTEGRATIVE PHYSICAL MEDICINE
HOLDING, LLC, MARC G. OTT, and BRET
G. SCHEUPLEIN,

      Defendants.

_____/

### DEFENDANT COMPLETE CARE CENTERS, LLC F/K/A INTEGRATIVE PHYSICAL MEDICINE HOLDING, LLC'S VERIFIED THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES NUMBERS 4 and 7

Defendant, COMPLETE CARE CENTERS, LLC F/K/A INTEGRATIVE PHYSICAL MEDICINE HOLDING, LLC ("Defendant"), by and through its undersigned counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby serves these verified third supplemental responses and objections to Plaintiff's, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (collectively, "Plaintiff"), First Set Of Interrogatories Numbers 4 and 7.

### PRELIMINARY STATEMENT & RESERVATION OF RIGHTS

1.     By making the accompanying responses and objections, Defendant does not waive or intend to waive any rights, but, to the contrary, intends to preserve and is preserving: (a) the right to object, on any and all grounds, including competency, relevancy, materiality,

privilege, or admissibility as evidence for any purpose, or any other ground, to be the used or the subject matter thereof, in this or any subsequent or other proceeding; and (b) the right to object on any ground to other document requests, interrogatories, or other discovery proceedings involving or relating to the subject matter of the Requests. Further, Defendant makes the responses and objections herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of this action.

2.      Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

3.      Defendant's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

4.      All responses provided herein are made with respect to documents falling within the period set forth in the Request, specifically from January 2014 to the present.

5.      The information supplied herein are for use in this litigation and for no other purpose.

6.      Defendant objects to such requests for confidential information and will not respond unless directed by the Court to do so pursuant to a Protective Order.

7.      Defendant will not respond to any request that may contain information protected by the physician-patient privilege, Section 456.057, Florida Statutes, the federal Health Insurance Portability and Accountability Act ("HIPAA"), the federal Healthcare Quality Improvement Act of 1986 ("HCQIA"), or any other similar statute, privilege, or protection. Defendant objects to requests for such protected or confidential information and shall not be

2

required to respond unless directed by the Court to do so pursuant to a Protective Order.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Defendant objects to the provided definitions of "You," "Your," "Complete Care," "Defendants," "Integrative Physical Medicine," "Central Florida Imaging," "Interventional Associates" and "Complete Care Entities". Request, Definition Numbers One, Two, Three, Four, Five and Six.  These definitions are objectionable as (1) encompassing any attorneys of any of the defendants in this action, to the extent the definition purports to require Defendant to respond with information protected by the attorney-client privilege, the work product privilege/doctrine, common interest privilege/doctrine, joint defense privilege, or any other similar privilege or protection, (2) they are overly broad and unduly burdensome, to the extent they purport to require Defendant to contact hundreds of employees and/or contractors, current or former, who may poses  any of the overbroad information requested in their personal or business records, in order to respond to the Request.

2.      Defendant objects to Plaintiff  use of definitions in the Request to the extent such definitions as applied attempt to impose any obligations which exceed those contained in the Federal Rules of Civil Procedure and applicable law and/or expands the applied definition of the words used as commonly understood with their colloquial meanings.

Subject to, and without waiving, these Preliminary Statement and Objections to Instructions and Definitions, Defendant's specific responses to the Request are as follows:

## SPECIFIC RESPONSES TO INTERROGATORIES

4.     Identify all individuals and/or entities hired or retained by the Complete Care
       Entities to provide any patient referrals or leads, consulting services, billing services,
       compliance services, peer review services, and/or coding services during the time period
       January 1, 2014 through the present. For each individual and/or entity identified, please
       provide the following information:

3

a. the name and contact information (physical address, email address, and phone number) of the individual or entity;
b. describe in detail the services the individual or entity performed and the dates when the services were performed;
c. state whether the individual or entity was hired or retained pursuant to an oral or written agreement and the name and address of the individual(s) who negotiated and/or executed the agreement on behalf of the Complete Care Entities; and
d. the total monthly and annual compensation paid by the Complete Care Entities for all services for each year that individual or entity provided services to the Complete Care Entities.

**RESPONSE:**

Defendant objects to this Request as "consulting services" is vague as Defendant does not know what is meant by "consulting services". For example, individuals or entity is not related to the case at bar. Defendant further objects as the requested information is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence in this action and is harassing and vexatious.

Defendant also objects to this Request as "Patient referrals or leads" as vague as Defendant does not know what is meant by "patient referrals or leads". Defendant further objects neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence in this action and is harassing and vexatious. It is irrelevant as to whether our patients have referred family members or other patients to Defendant. Defendant further objects to this request as unduly burdensome since it would require that every patient file for the time period be reviewed to if it could even be determined if a patient referred another patient as well as to not proportional to issues in the case, non-medical related services such as records production and reasonably calculated to lead to discovery of admissible evidence in this action.

Defendant also objects to this Request as "billing services" as vague as Defendant does not know what is meant by "billing services". For example, non-medical compliance such as Americans Disability Act "ADA" or Occupational Safety and Health Administration "O.S.H.A". Defendant states without waiver of any objections, Complete Care Centers LLC invoices insurance companies for services and supplies rendered to its patients.

Defendant also objects to this Request as "peer review" as vague as Defendant does not know what is meant by "peer review". Pursuant to Florida Statute 395.0193, Hospital Licensing and Regulation, "a licensed facility, as a condition of licensure, shall provide for peer review of physicians who deliver health care services at the facility. Each licensed facility shall develop written, binding procedures by which such peer review shall be conducted." Peer Reviews pursuant to Florida Statute 395.0193 are confidential. Defendant further objects as the request is not proportional to the issues at bar.

4

Defendant also objects to this Request as "coding services" as vague as Defendant does not know what is meant by "coding services".

Defendant further objects as the request seeks expert disclosure which is not yet due.

Without waiver of the above objections and based upon the agreement between the parties to the limit this response to this request to exclude the identification of an individual who is an employee of the Complete Care Entities and performing these services in his or her capacity as an employee; exclude the identification of an individual or entity who provided legal services to the Complete Care Entities other than a an attorney or law firm that provided non-legal services; and to narrow consulting services to consulting services which pertain to practice management and/or the provision of health care services; and narrow subparagraph d to entities in which Marc Ott and/or Bret Scheuplein have an ownership interest, Defendant responds as follows:

**Athenahealth**
a. Athenahealth, 311 Arsenal Street, Watertown, MA 02472, Defendant does not have a specific email, (800) 981-5084.
b. Served as software to house medical records and process claims from 2014 to 2017.
c. Written agreement, executed by Shelby Reid, 425 Alexandria, Blvd., Suite 1010, Oviedo, FL.
d. Complete Care paid a percentage of the collections.
   2019: $13,925.34;
   2020: $5,110.43;
   2021: $140.88.

**Vericle**
a. Billing Dynamix, LLC (Vericle), 2857 Executive Drive Suite 200, Clearwater, FL 33762, thomasj@espoc.com, sales@billingdynamix.com, (800) 749-2090, (727) 386-9497
b. Served as software to house medical records and process claims from 2016 to present.
c. Written agreement, executed by Alex Petit, 425 Alexandria, Blvd., Suite 1010, Oviedo, FL.
d. Complete Care paid a percentage of the collections.
   2019: $336,010.87;
   2020: $370,108.20;
   2021: $61,973.24.

**ChiroTouch**
a. ChiroTouch, 3636 Camino Del Rio North Suite 220, San Diego, CA 92108, support@mychirotouch.com, sales@chirotouch.com, (619) 528-0040, (619) 488-9800, (800) 852-1771
b. Served as software to house medical records and process claims from date of inception to 2014.
c. Not in possession or control.
d. One time purchase.

**Colton Management LLC**
a. Colten Management LLC, 425 Alexandria Blvd., Oviedo, FL 32765, Colton Management LLC does not have an email or a phone number.
b. Provided management and consulting services pursuant to the Management Agreement previously produced in response to Plaintiffs' Request to Produce.
c. Written agreement, executed by Mark Ott, 425 Alexandria, Blvd., Suite 1010, Oviedo, FL, 32765
d. Payment pursuant to Management Agreement.

**Insight Management Group LLC**
a. Insight Management Group LLC, 425 Alexandria Blvd., Oviedo, FL 32765, Insight Management Group LLC does not have an email or a phone number.
b. Provided management and consulting services pursuant to the Management Agreement previously produced in response to Plaintiffs' Request to Produce.
c. Written agreement, executed by Mark Ott, 425 Alexandria, Blvd., Suite 1010, Oviedo, FL
d. Payment pursuant to Management Agreement.

**Michael Lowe**
a. Michael Lowe, 707 Monroe Road, Sanford, FL 32771. 407-332-6353 ext. 1011. mlowe@lowehealthlaw.com
b. Provided general healthcare law compliance services.
c. No written or oral agreement.
d. Invoiced as needed.

**Michael Miscoe**
a. Michael Miscoe / Practice Masters, Inc, 1032 Peninsula Drive Central City, PA 15926. (814) 754-1550, (814) 754-1533. mmiscoe@codingexperts.com.
b. Provided Coding services which included review of documentation process and recommendations related to how services were documented and billed/coded.
c. No written or oral agreement
d. Invoiced as needed.
    2019 annual compensation: $15,491.47
    2020 annual compensation: $1,788.30.

Defendant supplement its response pursuant to agreement as follows:

a. State in dollar amount the total monthly and annual compensation paid by the Complete Care Entities to Colton Management, LLC.

| 2014 | 122,500.00 |
|---|---|
| Jan | 11,000.00 |
| Apr | 5,000.00 |
| May | 22,000.00 |
| Jun | 15,000.00 |

| | |
|---|---|
| Jul | 5,000.00 |
| Aug | 17,000.00 |
| Sep | 2,500.00 |
| Oct | 5,000.00 |
| Nov | 28,000.00 |
| Dec | 12,000.00 |
| 2015 | 891,547.08 |
| Jan | 33,848.99 |
| Feb | 90,036.19 |
| Mar | 32,036.19 |
| Apr | 82,536.19 |
| May | 96,486.19 |
| Jun | 109,036.19 |
| Jul | 95,536.19 |
| Aug | 110,536.19 |
| Sep | 64,036.19 |
| Oct | 36,536.19 |
| Nov | 24,386.19 |
| Dec | 116,536.19 |
| 2016 | 886,508.79 |
| Jan | 19,000.00 |
| Feb | 4,036.19 |
| Mar | 54,036.19 |
| Apr | 110,536.19 |
| May | 74,710.19 |
| Jun | 109,036.19 |
| Jul | 124,036.19 |
| Aug | 89,832.65 |
| Sep | 171,500.00 |
| Oct | 123,785.00 |
| Nov | 3,000.00 |
| Dec | 3,000.00 |
| 2017 | 1,866,369.56 |
| Jan | 315,995.00 |
| Feb | 49,862.00 |
| Mar | 3,000.00 |
| Apr | 164,227.88 |
| May | 265,142.96 |
| Jun | 133,000.00 |
| Jul | 175,000.00 |
| Aug | 239,240.69 |
| Sep | 148,671.34 |
| Oct | 106,790.15 |
| Nov | 262,439.54 |
| Dec | 3,000.00 |

| | |
|---|---|
| 2018 | 4,302,200.83 |
| Jan | 3,000.00 |
| Feb | 185,667.50 |
| Mar | 331,109.13 |
| Apr | 278,154.69 |
| May | 386,514.31 |
| Jun | 420,172.60 |
| Jul | 542,671.47 |
| Aug | 419,749.65 |
| Sep | 479,794.57 |
| Oct | 448,395.56 |
| Nov | 492,109.40 |
| Dec | 314,861.95 |
| 2019 | 2,352,015.93 |
| Jan | 354,980.98 |
| Feb | 110,360.56 |
| Mar | 118,134.38 |
| Apr | 179,507.37 |
| May | 124,135.68 |
| Jun | 248,542.68 |
| Jul | 160,863.77 |
| Aug | 205,096.49 |
| Sep | 149,953.28 |
| Oct | 344,440.74 |
| Nov | 353,000.00 |
| Dec | 3,000.00 |
| 2020 | 4,114,800.80 |
| Jan | 338,588.46 |
| Feb | 273,297.17 |
| Mar | 78,000.00 |
| Apr | 3,000.00 |
| May | 75,000.00 |
| Jun | 75,000.00 |
| Jul | 844,415.17 |
| Aug | 100,000.00 |
| Sep | 150,000.00 |
| Oct | 150,000.00 |
| Nov | 150,000.00 |
| Dec | 1,877,500.00 |

b.  State in dollar amount the total monthly and annual compensation paid by the Complete Care Entities to Insight Management Group, LLC

| 2014 | 165,094.37 |
|------|------------|
| Jan | 14,615.38 |
| Feb | 4,615.38 |
| Mar | 4,615.38 |
| Apr | 4,615.38 |
| May | 28,923.07 |
| Jun | 19,615.38 |
| Jul | (5,584.62) |
| Aug | 19,235.68 |
| Sep | 4,735.68 |
| Oct | 15,646.14 |
| Nov | 35,030.76 |
| Dec | 19,030.76 |
| 2015 | 819,497.23 |
| Jan | 76,223.81 |
| Feb | 40,942.20 |
| Mar | 53,942.20 |
| Apr | 80,982.56 |
| May | 92,507.58 |
| Jun | 86,942.20 |
| Jul | 75,302.86 |
| Aug | 84,887.50 |
| Sep | 16,967.20 |
| Oct | 48,115.11 |
| Nov | 31,511.44 |
| Dec | 131,172.57 |
| 2016 | 875,527.27 |
| Jan | 21,361.44 |
| Feb | (1,483.00) |
| Mar | 53,977.69 |
| Apr | 109,500.00 |
| May | 73,674.00 |
| Jun | 111,700.00 |
| Jul | 123,000.00 |
| Aug | 82,512.14 |
| Sep | 171,500.00 |
| Oct | 123,785.00 |
| Nov | 3,000.00 |
| Dec | 3,000.00 |
| 2017 | 1,868,937.41 |
| Jan | 315,995.00 |
| Feb | 49,862.00 |

| | |
|---|---|
| Mar | 4,913.45 |
| Apr | 164,227.88 |
| May | 265,142.96 |
| Jun | 133,000.00 |
| Jul | 175,654.41 |
| Aug | 239,240.69 |
| Sep | 148,671.34 |
| Oct | 106,790.15 |
| Nov | 262,439.53 |
| Dec | 3,000.00 |
| 2018 | 4,366,484.04 |
| Jan | 3,000.00 |
| Feb | 185,667.50 |
| Mar | 331,109.13 |
| Apr | 278,154.69 |
| May | 386,514.31 |
| Jun | 420,172.60 |
| Jul | 542,671.47 |
| Aug | 419,749.65 |
| Sep | 479,794.57 |
| Oct | 448,395.56 |
| Nov | 492,109.40 |
| Dec | 379,145.16 |
| 2019 | 2,352,015.91 |
| Jan | 354,980.98 |
| Feb | 110,360.56 |
| Mar | 118,134.38 |
| Apr | 179,507.37 |
| May | 124,135.68 |
| Jun | 248,542.67 |
| Jul | 160,863.77 |
| Aug | 205,096.49 |
| Sep | 149,953.27 |
| Oct | 344,440.74 |
| Nov | 353,000.00 |
| Dec | 3,000.00 |
| 2020 | 4,114,800.80 |
| Jan | 338,588.46 |
| Feb | 273,297.17 |
| Mar | 78,000.00 |
| Apr | 3,000.00 |
| May | 75,000.00 |
| Jun | 75,000.00 |
| Jul | 844,415.17 |
| Aug | 100,000.00 |

| Sep | 150,000.00 |
|-----|------------|
| Oct | 150,000.00 |
| Nov | 150,000.00 |
| Dec | 1,877,500.00 |

Defendant is in the process compiling  the records to 2014 February and March years and will supplement on a rolling basis.

Defendant is not withholding any further information responsive to this request as agreed to be limited by the parties.

7.     Have You agreed with any person or entity to be indemnified or to indemnify any person or entity from any liability in connection with this dispute? If so, please identify all such persons or entities, describe the terms of any such agreement and provide the date of the agreement.

**RESPONSE:**
Defendant responds to this request pursuant to agreement in which Defendant stated it would not withdraw its objections but would respond to the request according to its understanding of the request. Based on Defendant's understanding, no. Defendant is not withholding any further information responsive to this request.

Defendant supplements its response pursuant to the agreement as follows:

Other than any indemnifications contained to exclude insurance policies and general indemnification agreements which are contained in the Compete Care Entities' corporate documents, none.

11

## VERIFICATION FOR FIRST SET OF INTERROGATORIES
## TO COMPLETE CARE

STATE OF FLORIDA          )
                                ) ss:
COUNTY OF _Orange_          )

I, _Marc Ott_ being duly sworn and according to law do hereby verify and affirm that these Supplemental Answers to Interrogatories are true and correct based upon my own personal knowledge.

By: _____

STATE OF FLORIDA          )
                                ) ss:
COUNTY OF _Orange_          )

The foregoing instrument was sworn to and subscribed before me this _25_ day of ___Aug___, 2021, by ___Marc Ott___ who is personally known to me or who has produced _____N/A_____ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_Alexandra Petit_
(Print, Type or Stamp Commissioned Name of Notary Public)

Alexandra Petit
Comm.#HH038635
Expires: Sept. 12, 2024
Bonded Thru Aaron Notary

12

Dated: August 25th, 2021

Respectfully submitted,

/s/ Bruce S. Rosenberg
Bruce S. Rosenberg, Esq., FBN 994782
Alexis Rosenberg, Esq., FBN 335400
**ROSENBERG LAW, P.A.**
6950 Cypress Road, Suite 107
Plantation, FL 33317
Tel: (954)790-6100
service@rosenberglawpa.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of August 2021, the foregoing document is being served on counsel of record, via electronic mail to:

James J. Duffy
Holland & Knight LLP
777 South Flagler Drive, Suite 1900 West
West Palm Beach, FL 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399
Emails: David.spector@hklaw.com; james.duffy@hklaw.com
*Attorneys for Plaintiffs*

13