Exhibit 3

**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**

CASE NO.: 6:20-cv-01240-WWB-EJK

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, and STATE FARM FIRE
AND CASUALTY COMPANY,

      Plaintiffs,

vs.

COMPLETE CARE ENTITIES, LLC F/K/A
INTEGRATIVE PHYSICAL MEDICINE
HOLDING, LLC, MARC G. OTT, and BRET G.
SCHEUPLEIN,

      Defendants.

_____/

**DEFENDANT COMPLETE CARE ENTITIES, LLC F/K/A INTEGRATIVE PHYSICAL**
**MEDICINE HOLDING, LLC'S SECOND AMENDED RESPONSES AND OBJECTIONS**
**TO <u>PLAINTIFFS' SECOND REQUEST FOR PRODUCTION</u>**

Defendant, COMPLETE CARE ENTITIES, LLC F/K/A INTEGRATIVE PHYSICAL

MEDICINE HOLDING, LLC ("<u>Defendant</u>"), by and through its undersigned counsel, and

pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby serves these second amended

responses and objections to Plaintiffs', STATE FARM MUTUAL AUTOMOBILE INSURANCE

COMPANY and STATE FARM FIRE AND CASUALTY COMPANY (collectively,

"<u>Plaintiffs</u>"), Second Request for Production (the "<u>Request</u>").

**<u>PRELIMINARY STATEMENT & RESERVATION OF RIGHTS</u>**

1.      By making the accompanying responses and objections, Defendant does not waive or intend

to waive any rights, but, to the contrary, intends to preserve and is preserving: (a) the right to object,

on any and all grounds, including competency, relevancy, materiality, privilege, or

admissibility as evidence for any purpose, or any other ground, to the use of the documents produced or the subject matter thereof, in this or any subsequent or other proceeding; and (b) the right to object on any ground to other document requests, interrogatories, or other discovery proceedings involving or relating to the subject matter of the Requests. Further, Defendant makes the responses and objections herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of this action.

2.      Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

3.      Defendant's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

4.      Where Defendant states herein that it will produce, or has produced, documents in accordance with the Federal Rules of Civil Procedure, it will produce such documents to the extent that they exist, are in the possession, custody, or control of Defendant, and can be reasonably obtained. Additionally, all responses provided herein are made with respect to documents falling within the period set forth in the Request, specifically from January 2014 to the present.

5.      As the review of documents is ongoing, Defendant does not represent that any such documents or things exist or are in the possession, custody, or control of Defendant.

6.      The information and documents supplied herein are for use in this litigation and for no other purpose.

7.      Defendant shall not be required to produce any documents that may contain confidential, confidential or proprietary, or trade secret information. Defendant objects to such

requests for confidential information and will not produce those documents unless directed by the Court to do so pursuant to a Protective Order.

8.      Defendant will not produce any documents that may contain information protected by the physician-patient privilege, Section 456.057, Florida Statutes, the federal Healthcare Quality Improvement Act of 1986 ("HCQIA"), or any other similar statute, privilege, or protection. Defendant objects to requests for such protected or confidential information and shall not be required to produce those documents unless directed by the Court to do so pursuant to a Protective Order.

9.      Defendant intends to produce responsive documents in electronic format where the documents exist in electronic format.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Defendant objects to the provided definitions of "You," "Your," "Complete Care," "Defendants," "Integrative Physical Medicine," "Central Florida Imaging," and "Interventional Associates." Request, Definition Numbers One, Two, Three, Four and Five.  These definitions are objectionable as (1) encompassing any attorneys of any of the defendants in this action, to the extent the definition purports to require Defendant to produce documents protected by the attorney- client privilege, the work product privilege/doctrine, common interest privilege/doctrine, joint defense privilege, or any other similar privilege or protection, (2) they are overly broad and unduly burdensome, because such definitions seek to include entities and individuals that Defendant does not have possession, custody and control over, such as individuals and entities who have acted or have been requested to act on their benefit or behalf, and further, (3) to the extent they purport to require Defendant to contact hundreds of employees and/or contractors, current or former, who may possess any of the overbroad information or documents requested in their personal or business records, in order to respond to the Request.

2.      Defendant objects to the provided definition of "relating to." Definition number 13 purports

to define the term "relating to" but does so in such an overbroad, wide reaching and unworkable fashion as to render strict compliance with the bulk of the Request a practical impossibility. The definition of the term "relating to" is grossly overbroad and, in some respects, it could be argued that "everything is related to everything else."[1] The significant problem with this type of request is it seeks to force Defendant (or more likely Defendant's counsel) to try to make subjective determinations as to what may or may not be deemed to "relate to" the topic at

---

[1]     As a matter of law, a document request must designate the documents sought with sufficient particularity to enable the responding party, and the Court, to objectively determine with reasonable certainty which documents are or are not included with the Request. From a practical standpoint, this definition would require the responding party to review the universe of documents within its possession, custody and control and determine, for each such document, whether or not, in Defendant's subjective judgment, that document does or does not "relate to" the subject matter and issue. Literal compliance with this task is a practical impossibility, particularly since, as both the United States Supreme Court and the Florida Supreme Court have both observed, "everything is related to everything else." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 So.2d 306, 316 (Fla. 2000) (quoting *California Div. of Labor v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 335 (1997) (Scalia concurring)).

issue; whereas, Rule 34 requires that the requesting party specify the documents sought with sufficient particularity to enable the responding party (and the Court) to know which documents are being sought. If this type of request were proper, a litigant could simply ask for all documents "related to any of the issues in the lawsuit," and every document request would consist of that one single sentence. *See Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Florida*, No. 10-80241-CIV, 2010 WL 5093746, at *5 (S.D. Fla. Dec. 8, 2010) (concluding that a discovery request seeking all documents that "concern" a designated subject was overbroad, but also expressly explained how and why such requests for "all documents relating to" certain claims are improper and describe the documents sought "in the broadest way possible," since such requests are not "reasonably calculated to lead to the discovery of admissible evidence."); *State Nat'l Ins. Co. v. Lamberti*, No. 08-60760-CIV, 2009 WL 702239, at *3 (S.D. Fla. May 17, 2009) (finding "facially overbroad" document requests using the phrase "relating to" as "the request in dispute is exceedingly broad, and not worded with sufficient clarity to allow a reasonable reader to know precisely what documents are sought."); *Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-civ, 2008 WL 2229552, at *10 (S.D. Fla. May 28, 2008) ("courts have concluded that production requests that seek information 'relating to' subject areas are impermissibly overbroad.").

3.        Defendant objects to the provided definition of "Payment" or "Payments" as vague and ambiguous because "anything of value" is subjective.

4.        Defendant objects to all Requests seeking "all documents related to…" and/or "all communications related to…" as vague, ambiguous, and patently unreasonable. Such Requests obligate Defendant to review every document in Defendant's possession from the relevant time-period for responsive documents by his use of "all" and/or "related to." Moreover, due to the over-breadth, such Requests necessarily encompass irrelevant information. The words "all" and "related

to" are vague and broad and Defendant cannot be certain exactly what information such Requests would cover and therefore what information is responsive. Such Requests would require Defendant to make judgment calls and exercise discretion in determining what is responsive to the Request. In *State Farm Mutual Automobile Ins. Co. v. Physicians Group of Sarasota, et. al.,* No. 8:13 cv 01932 CEH-TGW, a case involving Plaintiffs, Magistrate Judge Wilson stated: "[I]t has long been my position that discovery requests which broadly seek all documents 'relating to,' or 'reflecting,' a topic are patently unreasonable because it obligates the entity to whom the subpoena is directed to review every document in its possession from the relevant time for responsive documents. Moreover, due to overbreadth, the requests necessarily encompass irrelevant information. Consequently, I regularly reject such discovery requests." [D.E. 93 at 2].

5.      Defendant objects to Plaintiffs' use of definitions in the Request to the extent such definitions as applied attempt to impose any obligations which exceed those contained in the Federal Rules of Civil Procedure and applicable law and/or expands the applied definition of the words used as commonly understood with their colloquial meanings.

6.      Defendant objects to Plaintiffs' instruction that a privilege list or log be provided where a claim of privilege or protection is asserted. Given the overly broad and irrelevant nature of many of the Requests, it would be unduly burdensome and a waste of the parties', counsels', and the Court's resources to require at this juncture Defendant to create a privilege log in response to patently overbroad Requests. Once the scope of otherwise discoverable documents to be produced is settled, and any privileged documents falling within that scope are withheld on the basis of a privilege, Defendant will produce a privilege log in accordance with applicable rules and law. *See* Fed. R. Civ. P. 26(b)(5).

7.      Defendant objects to Plaintiffs' instruction regarding destroyed, discarded, or disposed documents to the extent it purports to place a burden on Defendant that exceeds that required by Rule 34. Subject to, and without waiving, these Preliminary Statement and Objections to Instructions and Definitions, Defendant's specific responses to the Request are as follows:

## SPECIFIC RESPONSES TO SECOND REQUESTS
## FOR PRODUCTION OF DOCUMENTS

1. Each organization chart, table, or document detailing the hierarchical and/or organizational structure of the Complete Care Entities that was created or utilized during the Relevant time period.

   **RESPONSE**: Defendant objects to this Request as overbroad and calls for documents which are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Defendant also objects as the request is vague and it remains unclear what type of "hierarchical and/or organizational structure" is referred to in the request, whether it is a legal structure or something else being sought regarding Defendant's business.

   Additionally, the request for "Each" organization chart, table, or document detailing the hierarchical and/or organizational structure of the Complete Care Entities is not proportional and unduly burdensome, because it would require Defendant to spend incalculable amounts of time, effort, and expense to review and analyze every single document that merely refers to the legal structure of the Complete Care Entities.

   Pursuant to Rule 34(b)(2), without waiving and subject to the foregoing objections, in good faith, upon resolving remaining issues currently being discussed with opposing counsel regarding ESI production, Defendant agrees to narrow this Request to non-privileged documents sufficient to demonstrate the hierarchical and/or organizational legal structure of the Complete Care Entities during the Relevant Time Period. Defendant will agree to produce responsive documents to this narrowed Request, in its possession, custody and control, to the extent they exist, at a time and place agreeable by the parties. In addition to any previously made production, in this second amended production, the responsive document(s) produced in response to this request are:

   **DFS RESP DFS RESP 0112431-0112435.**

2. Each list of employees of the Complete Care Entities created or utilized during the Relevant Time Period.

   **RESPONSE**: Defendant objects to this Request as overbroad and calls for documents which are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence in this action. Additionally, the request for "Each" list of employees of the Complete Care Entities is not proportional and unduly burdensome, because it would require Defendant to spend incalculable amounts of time, effort, and expense to review and analyze every single document that identifies employees of the Complete Care Entities over a 7-year period.

   Further, to the extent any employee list contains other personally identifiable information (e.g., SSNs, health information, financial information, etc.) relating to the subject employees, the request is objectionable as it seeks personal information of dozens of non-

parties, and therefore is objectionable, particularly as Plaintiffs have not demonstrated a need to discover such invasive, irrelevant and overbroad information. *See CAC-Ramsay Health Plans, Inc. v. Johnson*, 641 So.2d 434, 435 (Fla. 3d DCA 1994) (holding a request for a personnel file is overbroad unless the entire file is somehow relevant to a claim); *Alterra Healthcare Corp. v. Estate of Shelley*, 827 So.2d 936, 947 (Fla. 2002) ("the trial court should fully consider the employees' alleged privacy interest—in the context of determining the relevancy of any discovery request which implicates it—regardless of whether the subject employees have intervened or not."); *2245 Venetian Court Bldg. 4, Inc. v. Harrison*, 149 So.3d 1176,1180 (Fla. 2d DCA 2014) ("[e]ven in the absence of third-party standing, where a corporation objects to a discovery request on the basis of relevancy, a 'trial court can consider the constitutional rights of third parties who would be substantially affected by the outcome of the litigation.'") (*citing Alterra*, 827 So.2d at 945).

Pursuant to Rule 34(b)(2), without waiving and subject to the foregoing objections, in good faith, upon resolving remaining issues currently being discussed with opposing counsel regarding ESI production, Defendant agrees to narrow this Request to a list sufficient to demonstrate the names of employees that worked for the Complete Care Entities during the Relevant Time Period. In addition to any previously made production, in this second amended production, the responsive document(s) produced in response to this request are:

**DFS RESP 0134220 - DFS RESP 0134399; DFS RESP 0141187-DFS0142395; DFS RESP 0140973-DFS    RESP 0141186; DFS RESP 0140972.**

3. Each Script utilized or developed during the Relevant Time Period for interactions and/or communications with patients of the Complete Care Entities.

**RESPONSE**: Defendant objects to this Request as overly broad because it is not limited to "Scripts" regarding the treatment rendered to Plaintiffs' insureds or the "Patients" at issue as defined by Plaintiffs. As such, this Request also calls for documents which are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence in this action.

Additionally, Defendant objects to this Request in that it seeks Defendant's highly confidential or proprietary business information or trade secrets that is not provided to the general public, yet Plaintiffs have not demonstrated the heightened requirement of necessity to justify its production that outweighs Defendant's interest in maintaining its confidentiality. *See, e.g., American Exp. Travel Related Services, Inc. v. Cruz*, 761 So.2d 1206 (Fla. 4th DCA 2000) (neither a protective order nor use of a confidentiality agreement to protect the company's interest in its manual were sufficient to override the company's concern that its manual was a protected trade secret that was not subject to discovery); *Marlite, Inc. v. Eckenrod*, No. 09-22607-CIV, 2011 WL 39130, at *5 (S.D. Fla. Jan. 5, 2011) ("Marlite's customer and pricing information constituted trade secrets."); *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D. Fla. 1985); *Premiere Lab Supply, Inc. v. Chemplex Industries, Inc.*, 791 So.2d 1190 (Fla. 4th DCA 2001); *Beck v. Dumas*, 709 So.2d 601, 603 (Fla. 4th DCA 1998); *Rare Coin-It, Inc. v. I.J.E., Inc.*, 625 So.2d 1277 (Fla. 3d DCA 1993); *East Colonial Refuse Serv., Inc. v. Velocci*, 416 So.2d 1276, 1278 (Fla. 5th DCA 1982).

Further, Defendant objects to this Request to the extent any such information is patient-specific or otherwise contained within patient records or other documents that are protected from disclosure by the physician-patient privilege, the attorney-client privilege, the work-product privilege, Fla. Stat. § 456.057, HCQIA, and other similar statutes, privileges, or protections.

Pursuant to Rule 34(b)(2), without waiving and subject to the foregoing objections, in good faith, upon resolving remaining issues currently being discussed with opposing counsel regarding ESI production. In addition to any previously made production, in this second amended production, the responsive document(s) produced in response to this request are:

***See Exhibit "A".***

4.  Each Script utilized or developed during the Relevant Time Period for interactions and/or communications with attorneys who represent patients of the Complete Care Entities.

**RESPONSE**: Defendant objects to this Request as it calls for documents which are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence in this action.

Additionally, Defendant objects to this Request in that it seeks Defendant's highly confidential or proprietary business information or trade secrets that is not provided to the general public, yet Plaintiffs have not demonstrated the heightened requirement of necessity to justify its production that outweighs Defendant's interest in maintaining its confidentiality. *See, e.g.*, *American Exp. Travel Related Services, Inc. v. Cruz*, 761 So.2d 1206 (Fla. 4th DCA 2000) (neither a protective order nor use of a confidentiality agreement to protect the company's interest in its manual were sufficient to override the company's concern that its manual was a protected trade secret that was not subject to discovery); *Marlite, Inc. v. Eckenrod*, No. 09-22607-CIV, 2011 WL 39130, at *5 (S.D. Fla. Jan. 5, 2011) ("Marlite's customer and pricing information constituted trade secrets."); *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D. Fla. 1985); *Premiere Lab Supply, Inc. v. Chemplex Industries, Inc.*, 791 So.2d 1190 (Fla. 4th DCA 2001); *Beck v. Dumas*, 709 So.2d 601, 603 (Fla. 4th DCA 1998); *Rare Coin-It, Inc. v. I.J.E., Inc.*, 625 So.2d 1277 (Fla. 3d DCA 1993); *East Colonial Refuse Serv., Inc. v. Velocci*, 416 So.2d 1276, 1278 (Fla. 5th DCA 1982).

Further, Defendant objects to this Request to the extent any such information is patient-specific or otherwise contained within patient records or other documents that are protected from disclosure by the physician-patient privilege, the attorney-client privilege, the work-product privilege, Fla. Stat. § 456.057, HCQIA, and other similar statutes, privileges, or protections.

Pursuant to Rule 34(b)(2), without waiving and subject to the foregoing objections, in good faith, upon resolving remaining issues currently being discussed with opposing counsel regarding ESI production, Defendant agrees to narrow this Request to non-privileged documents sufficient to identify scripts used for interactions and/or communications with attorneys who represent patients of the Complete Care Entities during the Relevant time period. In addition to any previously made production, in this second amended production, the responsive document(s) produced in response to this request are:

**DFS RESP 0043168 and DFS RESP 0029004-0029015**

7.   All Documents related to the Patients, including, but not limited to, complete medical records for each Patient, PIP Routing Forms, test results, MRI images, referrals, prescriptions, orders, sign-in sheets, invoices, CMS 1500 Health Insurance Claim Forms, bills, notes, and communications concerning the Patients.

**RESPONSE**: In addition to any previously made production, in this second amended production, the responsive document(s) produced in response to this request are:

**DFS RESP 0134549 - DFS RESP 0140971; DFS RESP 0142396.**

**Previously made production includes the 64.7 gigabytes of documents provided to Plaintiff on June 17, 2021 which are the Complete Patient Files without MRI or Xray images which are being provided separately herewith were provided in the manner in which they are kept and to which bates stamps are currently being due to the volume and time constraint.**

8. All financial hardship letters or forms completed by any Patient who was unable to pay a copayment or deductible to the Complete Care Entities.

   **RESPONSE**: Defendant, in good faith, states that it has already produced non-privileged copies of financial hardship letters (*see* Bates Nos. DFS RESP 0041325 and DFS RESP 0041326) and documents maintained by Defendant reflecting policies and procedures for the collection of copayments and deductibles (*see* Bates Nos. COMPLETE CARE-NB_0000003, 0000004-5, 0000006-14, 0000015, 0000016-17, 0000018, 0025128, 0025129, 0025132, 0025133-25134, 0025135-25139, 0025140, 0025141, 0025142, 0025143-25145, 0025146-25148, 0025165, 0025190-25192). Additionally, Defendant agrees to narrow this Request to non-privileged documents reflecting financial hardship letters with patients identified on Exhibit 4 to the Complaint. In addition to any previously made production, in this second amended production, the responsive document(s) produced in response to this request are: **DFS RESP 0112673-0112674**
   **DFS RESP 0112675**
   **DFS RESP 0112932**
   **DFS RESP 0113714**
   **DFS RESP 0113715-0113717**
   **DFS RESP 0113718-0113720**
   **DFS RESP 0114108-0114109**
   **DFS RESP 0117117**

   **Previously made production includes the 64.7 gigabytes of documents provided to Plaintiff on June 17, 2021 which are the Complete Patient Files without MRI or Xray images which are being provided separately herewith which were provided in the manner in which they are kept and to which bates stamps are currently being due to the volume and time constraint.**

9.  All Documents regarding all copayments and deductibles that were collected by the Complete Care Entities from the Patients, including, but not limited to, receipts, credit card receipts, invoices, and ledgers.

**RESPONSE**: In addition to any previously made production, in this second amended production, the responsive document(s) produced in response to this request are:

**DFS RESP 0134549 - DFS RESP 0140971**

**Previously made production includes the 64.7 gigabytes of documents provided to Plaintiff on June 17, 2021 which are the Complete Patient Files without MRI or Xray images which are being provided separately herewith which were provided in the manner in which they are kept and to which bates stamps are currently being due to the volume and time constraint.**

12. All Documents reflecting or concerning all copayments and deductibles that were written off or waived for the Patients.

**RESPONSE**:  In addition to any previously made production, in this second amended production, the responsive document(s) produced in response to this request are:

**DFS RESP 0134549 - DFS RESP 0140971;** *See Exhibit "B".*

**Previously made production includes the 64.7 gigabytes of documents provided to Plaintiff on June 17, 2021 which are the Complete Patient Files without MRI or Xray images which are being provided separately herewith which were provided in the manner in which they are kept and to which bates stamps are currently being due to the volume and time constraint.**

15. All affidavits, sworn statements, transcripts, of depositions or testimony provided by the Complete Care Entities or any of the Complete Care Entities' employees, officers, or agents regarding any Patient.

**RESPONSE**:  The responsive document(s) produced in response to this request are:

**DFS RESP 0134400 – DFS RESP 0134548.**

Dated: June 28, 2021

Respectfully submitted,

/s/ Bruce S. Rosenberg
Bruce S. Rosenberg, Esq., FBN 994782
Alexis Rosenberg, Esq., FBN 335400
**ROSENBERG LAW, P.A.**
6950 Cypress Road, Suite 107
Plantation, FL 33317
Tel: (954)790-6100
service@rosenberglawpa.com
*Attorneys for Defendants*


## SERVICE LIST

***State Farm Mutual Automobile Insurance Company, et. al v. Complete Care Entities, et. al***
**Case No. 6:20-cv-01240-WWB-EJK**

David I. Spector
James J. Duffy
Holland & Knight LLP
777 South Flagler Drive, Suite 1900 West
West Palm Beach, FL 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399
Emails: David.spector@hklaw.com; james.duffy@hklaw.com
*Attorneys for Plaintiffs*

# Exhibit A

**DFS RESP 0026054;**
**DFS RESP 0026090;**
 **DFS RESP 0026138;**
**DFS RESP 0026305;**
**DFS RESP 0026348-0026350;**
**DFS RESP 0026363;**
**DFS RESP 0026365;**
**DFS RESP 0026364;**
**DFS RESP 0026425;**
**DFS RESP 0026426;**
**DFS RESP 0026433;**
**DFS RESP 0027354-0027441;**
**DFS RESP 0027442-0027688;**
**DFS RESP 0043264;**
**DFS RESP 0027745-0027746;**
**DFS RESP 0027747-0027850;**
**DFS RESP 0027859-0027860;**
**DFS RESP 0027861-0027959;**
**DFS RESP 0028328-0028367;**
**DFS RESP 0028368-0028421;**
**DFS RESP 0028439-0028549;**
**DFS RESP 0028550-0028662;**
**DFS RESP 0028663-0028780;**
**DFS RESP 0029004-0029015;**
**DFS RESP 0029045-0029047;**
**DFS RESP 0029086-0029148;**
**DFS RESP 0029149-0029217;**
**DFS RESP 0043269;**
**DFS RESP 0043270;**
**DFS RESP 0043272;**
**DFS RESP 0029234;**
**DFS RESP 0043271;**
**DFS RESP 0029236-0029377;**
**DFS RESP 0029382-0029386;**
**DFS RESP 0029387-0029391;**
**DFS RESP 0029392-0029523;**
**DFS RESP 0029533-0029587;**
**DFS RESP 0043274;**
**DFS RESP 0029598-0029632;**
**DFS RESP 0029932-0030008;**
**DFS RESP 0030010-0030060;**
**DFS RESP 0030061-0030062;**
**DFS RESP 0030063-0030064;**

**DFS RESP 0030065-0030313;**
**DFS RESP 0030319-0030320;**
**DFS RESP 0030321-0030437;**
**DFS RESP 0030500-0030519;**
**DFS RESP 0030520-0030521;**
**DFS RESP 0030522-0030525;**
**DFS RESP 0030530;**
**DFS RESP 0030578-0030589;**
**DFS RESP 0030602-0030608;**
**DFS RESP 0030614-0030629;**
**DFS RESP 0030630-0030660;**
**DFS RESP 0030661-0030672;**
**DFS RESP 0113176-0113182;**
**DFS RESP 0113183-0113188;**
**DFS RESP 0113197-0113204;**
**DFS RESP 0113205-0113216;**
**DFS RESP 0113224-0113235;**
**DFS RESP 0030685-0030686;**
**DFS RESP 0030810-0030823;**
**DFS RESP 0031273-0031280;**
**DFS RESP 0031415-0031455;**
**DFS RESP 0031497-0031537;**
**DFS RESP 0031538-0031539;**
**DFS RESP 0031579-0031856;**
**DFS RESP 0031894-0031913;**
**DFS RESP 0031923-0031991;**
**DFS RESP 0032018-0032117;**
**DFS RESP 0032212-0032231;**
**DFS RESP 0113735;**
**DFS RESP 0032328-0032336;**
**DFS RESP 0113738-0113756;**
**DFS RESP 0113757-0113765;**
**DFS RESP 0032373-0032397;**
**DFS RESP 0032398-0032399;**
**DFS RESP 0032400-0032499;**
**DFS RESP 0113795-0113814;**
**DFS RESP 0032503-0032611;**
**DFS RESP 0032740-0032744;**
**DFS RESP 0032745-0032749;**
**DFS RESP 0032750-0032754;**
**DFS RESP 0043831-0043958;**
**DFS RESP 0043959-0044077;**
**DFS RESP 0044078-0044151;**
**DFS RESP 0044152-0044225;**

**DFS RESP 0033254;**
**DFS RESP 0033292-0033303;**
**DFS RESP 0033392-0033496;**
**DFS RESP 0033519-0033530;**
**DFS RESP 0033534-0033543;**
**DFS RESP 0033690;**
**DFS RESP 0033691;**
**DFS RESP 0033689;**
**DFS RESP 0033742-0033753;**
   **DFS RESP 0033754-0033766**
   **DFS RESP 0033780-0033795**
   **DFS RESP 0033802-0033817**
   **DFS RESP 0033818-0033825**
   **DFS RESP 0033834-0033842**
   **DFS RESP 0114221-0114240**
   **DFS RESP 0033847-0033848**
   **DFS RESP 0033849-0033936**
   **DFS RESP 0034044**
   **DFS RESP 0034060-0034063**
   **DFS RESP 0114407-0114718**
   **DFS RESP 0034184-0034216**
   **DFS RESP 0034217-0034224**
   **DFS RESP 0045091-0045208**
   **DFS RESP 0034646-0034704**
   **DFS RESP 0034705-0034898**
   **DFS RESP 0034899**
   **DFS RESP 0034913-0035030**
   **DFS RESP 0035031-0035168**
   **DFS RESP 0045214-0045315**
   **DFS RESP 0045316-0045337**
   **DFS RESP 0045338-0045459**
   **DFS RESP 0045460-0045462**
   **DFS RESP 0035219-0035295**
   **DFS RESP 0045514-0045670**
   **DFS RESP 0045686-0045687**
   **DFS RESP 0115230-0115330**
   **DFS RESP 0115331-0115408**
   **DFS RESP 0045893-0045896**
   **DEFS RESP 0108542-0108563**
   **DFS RESP 0046213-0046235**
   **DFS RESP 0046258-0046375**
   **DFS RESP 0046376-0046377**
   **DFS RESP 0036337-0036338**
   **DFS RESP 0046391-0046392**

**DFS RESP 0046399-0046461**
**DFS RESP 0046609-0046622**
**DFS RESP 0046623-0046631**
**DFS RESP 0046648-0046666**
**DFS RESP 0046667-0046672**
**DFS RESP 0046696-0046707**
**DFS RESP 0046731-0046750**
**DFS RESP 0046875-0046963**
**DFS RESP 0047057-0047063**
**DFS RESP 0047106**
**DFS RESP 0047107-0047115**
**DFS RESP 0047116**
**DFS RESP 0036459**
**DFS RESP 0036457**
**DFS RESP 0036458**
**DFS RESP 0047240-0047277**
**DFS RESP 0047317-0047601**
**DFS RESP 0036466**
**DFS RESP 0047665**
**DFS RESP 0047666**
**DFS RESP 0036572**
**DFS RESP 0036614-0036616**
**DFS RESP 0036635-0036636**
**DFS RESP 0036637-0036758**
**DFS RESP 0036821-0036920**
**DFS RESP 0037021-0037041**
**DFS RESP 0037132-0037139**
**DFS RESP 0047795-0047909**
**DFS RESP 0037423-0037445**
**DFS RESP 0037448-0037449**
**DFS RESP 0047910-0048011**
**DFS RESP 0037459-0037462**
**DFS RESP 0037464-0037465**
**DFS RESP 0048029-0048144**
**DFS RESP 0037557**
**DFS RESP 0037745-0037984**
**DFS RESP 0038040-0038053**
**DFS RESP 0038054-0038076**
**DFS RESP 0038077-0038099**
**DFS RESP 0048176-0048276**
**DFS RESP 0038149**
**DFS RESP 0038155-0038163**
**DFS RESP 0038164-0038171**
**DFS RESP 0038172-0038179**

**DFS RESP 0038181**
**DFS RESP 0038214-0038278**
**DFS RESP 0038340-0038341**
**DEFS RESP 0109053**
**DEFS RESP 0109052**
**DFS RESP 0039472**
**DFS RESP 0039487-0039490**
**DFS RESP 0039492**
**DFS RESP 0039533**
**DFS RESP 0039698-0039709**
**DFS RESP 0039723-0039819**
**DFS RESP 0039825**
**DFS RESP 0039961-0039966**
**DFS RESP 0039955-0039960**
**DFS RESP 0039977-0039984**
**DFS RESP 0039985**
**DFS RESP 0039986-0039994**
**DFS RESP 0040004**
**DFS RESP 0040116-0040187**
**DFS RESP 0040244-0040247**
**DFS RESP 0040248**
**DFS RESP 0040249-0040262**
**DFS RESP 0040263-0040274**
**DFS RESP 0040275-0040279**
**DFS RESP 0040767**
**DFS RESP 0040768**
**DFS RESP 0040766**
**DFS RESP 0040848-0040862**
**DFS RESP 0041190-0041191**
**DFS RESP 0041192-0041300**
**DFS RESP 0041316**
**DFS RESP 0041317**
**DFS RESP 0041340**
**DFS RESP 0041342**
**DFS RESP 0041341**
**DFS RESP 0041375-0041381**
**DFS RESP 0041472-0041478**
**DFS RESP 0041754-0041755**
**DFS RESP 0117818-0117837**
**DEFS RESP 0109231-0109391**
**DFS RESP 0041809-0041879**
**DFS RESP 0041884-0041945**
**DFS RESP 0041954-0041965**
**DFS RESP 0048714-0048733**

**DFS RESP 0042199**
**DFS RESP 0042298**
**DFS RESP 0042296**
**DFS RESP 0042297**
**DFS RESP 0042436**

# Exhibit B

DFS RESP 0109529-0109542
DFS RESP 0109543
DFS RESP 0109544-0109553
DFS RESP 0109554-0109563
DFS RESP 0109564-0109574
DFS RESP 0109575-0109585
DFS RESP 0109586-0109598
DFS RESP 0109599-0109614
DFS RESP 0109615-0109624
DFS RESP 0109625-0109633
DFS RESP 0109634-0109642
DFS RESP 0109643-0109657
DFS RESP 0112481-0112490
DFS RESP 0112497-0112507
DFS RESP 0112510-0112511
DFS RESP 0112512-0112513
DFS RESP 0112514-0112515
DFS RESP 0112516
DFS RESP 0112517
DFS RESP 0112518-0112529
DFS RESP 0112530-0112541
DFS RESP 0112542-0112548
DFS RESP 0112549-0112555
DFS RESP 0112556-0112562
DFS RESP 0112637
DFS RESP 0112663-0112672
DFS RESP 0112826
DFS RESP 0112827
DFS RESP 0112828-0112840
DFS RESP 0112841-0112846
DFS RESP 0112847-0112852
DFS RESP 0112860-0112868
DFS RESP 0112869-0112877
DFS RESP 0112878-0112886
DFS RESP 0112887-0112895
DFS RESP 0112896
DFS RESP 0112897-0112905
DFS RESP 0112935
DFS RESP 0112936-0112944
DFS RESP 0112945-0112953
DFS RESP 0113152-0113153
DFS RESP 0113154-0113155
DFS RESP 0113156
DFS RESP 0113157

DFS RESP 0113670-0113676
DFS RESP 0113677-0113683
DFS RESP 0113684-0113690
DFS RESP 0113691
DFS RESP 0113820-0113832
DFS RESP 0113833-0113842
DFS RESP 0113843-0113852
DFS RESP 0113853-0113862
DFS RESP 0113863-0113872
DFS RESP 0113873-0113882
DFS RESP 0113883-0113892
DFS RESP 0113893-0113902
DFS RESP 0113903-0113912
DFS RESP 0113917-0113931
DFS RESP 0113932-0113949
DFS RESP 0113950-0113962
DFS RESP 0113963-0113972
DFS RESP 0113973-0113982
DFS RESP 0113983-0113988
DFS RESP 0113989-0113994
DFS RESP 0113995-0114007
DFS RESP 0114008-0114020
DFS RESP 0114021-0114033
DFS RESP 0114034-0114043
DFS RESP 0114044-0114053
DFS RESP 0114054-0114063
DFS RESP 0114064-0114073
DFS RESP 0114074-0114083
DFS RESP 0114084-0114093
DFS RESP 0114094-0114103
DFS RESP 0114126-0114139
DFS RESP 0115128-0115136
DFS RESP 0115426-0115439
DFS RESP 0115440-0115453
DFS RESP 0115454-0115470
DFS RESP 0115471-0115487
DFS RESP 0115488-0115504
DFS RESP 0115505-0115521
DFS RESP 0115522-0115538
DFS RESP 0115539-0115555
DFS RESP 0115556-0115572
DFS RESP 0115573
DFS RESP 0115574
DFS RESP 0115575
DFS RESP 0116556-0116565
DFS RESP 0116608-0116623

DFS RESP 0116624-0116625
DFS RESP 0116626-0116639
DFS RESP 0116640-0116649
DFS RESP 0116650-0116664
DFS RESP 0116665-0116673
DFS RESP 0116702-0116713
DFS RESP 0116716-0116720
DFS RESP 0116946-0116952
DFS RESP 0116953-0116965
DFS RESP 0116966-0116978
DFS RESP 0116979-0116991
DFS RESP 0116992-0117004
DFS RESP 0117005-0117014
DFS RESP 0117015-0117026
DFS RESP 0117027-0117038
DFS RESP 0117151-0117156
DFS RESP 0117157-0117162
DFS RESP 0117163-0117168
DFS RESP 0117169-0117174
DFS RESP 0117175-0117186
DFS RESP 0117187-0117198
DFS RESP 0117235-0117251
DFS RESP 0117252-0117268
DFS RESP 0117374-0117382
DFS RESP 0117528-0117543
DFS RESP 0117554-0117562
DFS RESP 0117563-0117571
DFS RESP 0117572-0117580
DFS RESP 0117581-0117589
DFS RESP 0117622-0117633
DFS RESP 0117634-0117648
DFS RESP 0117680-0117694
DFS RESP 0117695
DFS RESP 0117696-0117704
DFS RESP 0117720
DFS RESP 0117721
DFS RESP 0117722-0117738
DFS RESP 0117739-0117740
DFS RESP 0117741-0117757
DFS RESP 0117758-0117774
DFS RESP 0117775-0117787
DFS RESP 0117788-0117804